IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:10-cv-0435 |
| | § | |
| ADRIVE LLC, AT&T INC., | § | |
| CARBONITE, INC., | § | |
| DRIVE HEADQUARTERS, INC. | § | |
| EMC CORP., DECHO CORP., | § | |
| IOMEGA CORP., GODADDY.COM, INC. | § | |
| IRON MOUNTAIN, INC. | § | |
| IRON MOUNTAIN INFORMATION | § | |
| MANAGEMENT, INC., | § | |
| NETMASS, INC., NIRVANIX, INC., | § | |
| OFFICEWARE CORP. d/b/a | § | |
| FILESANYWHERE.COM, | § | |
| PRO SOFTNET CORP., | § | |
| RACKSPACE HOSTING, INC., | § | |
| RACKSPACE US, INC., | § | |
| JUNGLE DISK, LLC, and | § | |
| SOFTLAYER TECHNOLOGIES, INC. | § | |
| | § | |
| *Defendants.* | § | |

<u>**DEFENDANT OFFICEWARE CORP. d/b/a FILESANYWHERE.COM'S ORIGINAL
ANSWER AND COUNTERCLAIMS**</u>

COMES NOW, Defendant OFFICEWARE CORP. d/b/a FILESANYWHERE.COM
("Officeware", "Defendant" and/or "Counter-Plaintiff"), and files its' Original Answer and
Counterclaims, and would respectfully show the Court as follows:

**I.
PRELIMINARY STATEMENT**

Any factual allegation admitted to herein is admitted only as to the specific facts in question
and not as to any purported conclusions, characterizations, implications or speculations drawn

therefrom, wherever stated in Plaintiff's Original Complaint ("Complaint"). Further, the denial of any factual allegation herein may not be construed as an admission of the negative of such allegation.

Defendant denies each and every allegation contained in the Complaint except as specifically admitted, qualified or otherwise responded to herein. Defendant's Answer below is organized to track the structure of the Complaint for purposes of convenience and ease of reference only. Defendant specifically denies any and all allegations contained in headings or unnumbered paragraphs in the Complaint, if any.

## II.
## ORIGINAL ANSWER

Defendant hereby files its Original Answer to the Complaint filed by Plaintiff in connection with the above-referenced matter, and would respectfully show the Court as follows:

### PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies same.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies same.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies same.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11.    Defendant admits the allegations in Paragraph 11 of the Complaint.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

## NATURE OF THE ACTION

15.    Defendant admits that this purports to be an action for patent infringement, but denies that it has committed any form of infringement of the US Patents numbered 5,771,354 ("the '354 patent"), 5,901,228 ("the '228 patent"),  6,411,943 ("the '943 patent") and 7,080,051 ("the '051 patent").

## JURISDICTION AND VENUE

16.    Defendant admits that pursuant to 28 U.S.C. §§ 1331 and 1338(a) federal district

courts have subject matter jurisdiction over patent infringement actions, and that this purports to be an action for patent infringement under 35 U.S.C. § 271 *et seq.*

17.     Defendant admits that it has conducted business in this judicial district. Defendant denies all remaining allegations contained in Paragraph 17.

18.     Defendant admits that venue is proper in this judicial district as to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that venue is proper in this judicial district as to the other defendants in this matter, and therefore denies same as it relates to the other defendants.

## THE PATENTS-IN-SUIT

19.     Plaintiff repeats each answer in Paragraphs 1 – 18 above by reference as if fully set forth herein.

20.     Defendant admits that the U.S. Patent and Trademark Office issued the '354 patent entitled "Internet Online Backup System Provides Remote Storage for Customers Using IDs and Passwords which were Interactively Established When Signing Up for Backup Services" on June 23, 1998 as alleged in Paragraph 20 of the Complaint, but denies that said patent was "duly" and "lawfully" issued to the extent that such term implies the '354 patent is valid and enforceable, which Defendant denies.   Defendant admits that a true and correct copy of the '354 patent is attached to the Complaint as Exhibit A.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies same.

22.     Defendant admits that the U.S. Patent and Trademark Office issued the '228 patent entitled "Commercial Online Backup Service that Provides Transparent Extended Storage to Remote Customers over Telecommunications Links" on May 4, 1999 as alleged in Paragraph 22 of the

Complaint, but denies that said patent was "duly" and "lawfully" issued to the extent that such term implies the '228 patent is valid and enforceable, which Defendant denies. Defendant admits that a true and correct copy of the '228 patent is attached to the Complaint as Exhibit B.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

24. Defendant admits that the U.S. Patent and Trademark Office issued the '943 patent entitled "Internet Online Backup System Provides Remote Storage for Customers Using IDs and Passwords which were Interactively Established When Signing Up for Backup Services" on June 25, 2002 as alleged in Paragraph 24 of the Complaint, but denies that said patent was "duly" and "lawfully" issued to the extent that such term implies the '943 patent is valid and enforceable, which Defendant denies. Defendant admits that a true and correct copy of the '943 patent is attached to the Complaint as Exhibit C.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies same.

26. Defendant admits that the U.S. Patent and Trademark Office issued the '051 patent entitled "Internet Download Systems and Methods Providing Software To Internet Computer Users for Local Execution" on July 16, 2006 as alleged in Paragraph 26 of the Complaint, but denies that said patent was "duly" and "lawfully" issued to the extent that such term implies the '051 patent is valid and enforceable, which Defendant denies. Defendant admits that a true and correct copy of the '051 patent is attached to the Complaint as Exhibit D.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies same.

## COUNT I

### (Infringement of United States Patent No. 5,771,354)

28.     Plaintiff repeats each answer in Paragraphs 1 – 27 above by reference as if fully set forth herein.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies same.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies same.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies same.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies same.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies same.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies same.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies same.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies same.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies same.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 38 of the Complaint and therefore denies same.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore denies same.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies same.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies same.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies same.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies same.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies same.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies same.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant admits that it offers and continues to offer online backup/storage services at its website www.filesanywhere.com, but denies that this constitutes an infringement of the patents at issue in this matter.  Defendant denies all remaining allegations contained in Paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore denies same.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore denies same.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore denies same.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore denies same.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies same.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and therefore denies same.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore denies same.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies same.

56.     Defendant denies that it has committed any form of infringement of the '354 patent. With regard to the allegations against the other Defendants in this matter, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations against these Defendants and therefore denies same.

## COUNT II

### (Infringement of United States Patent No. 5,901,228)

57.     Plaintiff repeats each answer in Paragraphs 1 – 56 above by reference as if fully set forth herein.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore denies same.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 59 of the Complaint and therefore denies same.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies same.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and therefore denies same.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore denies same.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies same.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore denies same.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore denies same.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore denies same.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore denies same.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore denies same.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore denies same.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore denies same.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and therefore denies same.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and therefore denies same.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and therefore denies same.

74.     Defendant denies the allegations contained in Paragraph 74.

75.     Defendant admits that it offers and continues to offer online backup/storage services at its website www.filesanywhere.com, but denies that this constitutes an infringement of the patents at issue in this matter.  Defendant denies all remaining allegations contained in Paragraph 75.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and therefore denies same.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and therefore denies same.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and therefore denies same.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore denies same.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore denies same.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and therefore denies same.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 82 of the Complaint and therefore denies same.

83.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore denies same.

84.    Defendant denies that it has committed any form of infringement of the '228 patent. With regard to the allegations against the other Defendants in this matter, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations against these Defendants and therefore denies same.

## COUNT III

### (Infringement of United States Patent No. 6,411,943)

85.    Plaintiff repeats each answer in Paragraphs 1 – 84 above by reference as if fully set forth herein.

86.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore denies same.

87.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore denies same.

88.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore denies same.

89.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore denies same.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore denies same.

91.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore denies same.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore denies same.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore denies same.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and therefore denies same.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint and therefore denies same.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint and therefore denies same.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and therefore denies same.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint and therefore denies same.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and therefore denies same.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and therefore denies same.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint and therefore denies same.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint and therefore denies same.

103.    Defendant denies the allegations contained in Paragraph 103.

104.    Defendant admits that it offers and continues to offer online backup/storage services at its website www.filesanywhere.com, but denies that this constitutes an infringement of the patents at issue in this matter.   Defendant denies all remaining allegations contained in Paragraph 104.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore denies same.

106.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore denies same.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint and therefore denies same.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and therefore denies same.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint and therefore denies same.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint and therefore denies same.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and therefore denies same.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and therefore denies same.

113.    Defendant denies that it has committed any form of infringement of the '943 patent. With regard to the allegations against the other Defendants in this matter, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations against these Defendants and therefore denies same.

## COUNT IV

### (Infringement of United States Patent No. 7,080,051)

114.    Plaintiff repeats each answer in Paragraphs 1 – 113 above by reference as if fully set forth herein.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint and therefore denies same.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint and therefore denies same.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint and therefore denies same.

118.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint and therefore denies same.

119.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and therefore denies same.

120.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and therefore denies same.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and therefore denies same.

122.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint and therefore denies same.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint and therefore denies same.

124.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 124 of the Complaint and therefore denies same.

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint and therefore denies same.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint and therefore denies same.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint and therefore denies same.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint and therefore denies same.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint and therefore denies same.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint and therefore denies same.

131.    Defendant denies the allegations contained in Paragraph 131.

132.    Defendant admits that it offers and continues to offer online backup/storage services at its website www.filesanywhere.com, but denies that this constitutes an infringement of the patents at issue in this matter.  Defendant denies all remaining allegations contained in Paragraph 132.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint and therefore denies same.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint and therefore denies same.

135.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and therefore denies same.

136.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint and therefore denies same.

137.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint and therefore denies same.

138.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint and therefore denies same.

139.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint and therefore denies same.

140.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint and therefore denies same.

141.   Defendant denies that it has committed any form of infringement of the '051 patent. With regard to the allegations against the other Defendants in this matter, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations against these Defendants and therefore denies same.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

142.   This section of the Complaint constitutes prayers for relief which do not require a response.  To the extent this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Defendant denies such allegations.  Specifically, Defendant denies that Plaintiff is entitled to any of the relief requested.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

143.   Defendant joins Plaintiff's request for a jury trial on all issues triable by jury.

## III.
## AFFIRMATIVE DEFENSES

144.    Further answering the Complaint, Defendant asserts the following affirmative defenses. Defendant reserves the right to amend its Answer with additional defenses as further information is determined.

145.    The Complaint fails to state a claim upon which relief can be granted.

146.    Upon information and belief, the '354 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

147.    Upon information and belief, the '228 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

148.    Upon information and belief, the '943 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

149.    Upon information and belief, the '051 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

150.    Upon information and belief, the claims of all of the subject patents and each of them are not directed to patentable combinations but are directed to mere aggregations of parts, steps, means or elements which were matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for the patent.

151.    Any claims of the '354 patent which may be held to be valid are so restricted in scope that Defendant has not infringed said claims directly, contributorily or by inducement, either literally or under the doctrine of equivalents.

152.    Any claims of the '228 patent which may be held to be valid are so restricted in scope that Defendant has not infringed said claims directly, contributorily or by inducement, either literally

or under the doctrine of equivalents.

153. Any claims of the '943 patent which may be held to be valid are so restricted in scope that Defendant has not infringed said claims directly, contributorily or by inducement, either literally or under the doctrine of equivalents.

154. Any claims of the '051 patent which may be held to be valid are so restricted in scope that Defendant has not infringed said claims directly, contributorily or by inducement, either literally or under the doctrine of equivalents.

155. Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands and/or waiver.

156. Plaintiff's enforcement of one or more of the claims of the '354 patent are barred, in whole or in part, by the doctrine of prosecution history estoppel.

157. Plaintiff's enforcement of one or more of the claims of the '228 patent are barred, in whole or in part, by the doctrine of prosecution history estoppel.

158. Plaintiff's enforcement of one or more of the claims of the '943 patent are barred, in whole or in part, by the doctrine of prosecution history estoppel.

159. Plaintiff's enforcement of one or more of the claims of the '051 patent are barred, in whole or in part, by the doctrine of prosecution history estoppel.

160. Plaintiff's claims for damages and/or relief are barred or otherwise limited by 35 USC §§ 286, 287 and 288.

161. One or more of Plaintiff's claims are barred, in whole or in part, by its failure to join one or more necessary and/or indispensable parties.

162. Plaintiff is precluded under 35 U.S.C. § 286 from recovering damages for any alleged infringement of the '354 patent that occurred more than six years before the filing of the Complaint.

163.    Plaintiff is precluded under 35 U.S.C. § 286 from recovering damages for any alleged infringement of the '228 patent that occurred more than six years before the filing of the Complaint.

164.    Plaintiff is precluded under 35 U.S.C. § 286 from recovering damages for any alleged infringement of the '943 patent that occurred more than six years before the filing of the Complaint.

165.    Plaintiff is precluded under 35 U.S.C. § 286 from recovering damages for any alleged infringement of the '051 patent that occurred more than six years before the filing of the Complaint.

166.    Defendant has not infringed, either directly, contributorily or by inducement, any valid claim of the '354 patent.

167.    Defendant has not infringed, either directly, contributorily or by inducement, any valid claim of the '228 patent.

168.    Defendant has not infringed, either directly, contributorily or by inducement, any valid claim of the '943 patent.

169.    Defendant has not infringed, either directly, contributorily or by inducement, any valid claim of the '051 patent.

170.    Given the prior art existing at the time the alleged invention of the '354 patent was made, the subject matter as claimed in the '354 patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

171.    Given the prior art existing at the time the alleged invention of the '228 patent was made, the subject matter as claimed in the '228 patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

172.    Given the prior art existing at the time the alleged invention of the '943 patent was made, the subject matter as claimed in the '943 patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

173. Given the prior art existing at the time the alleged invention of the '051 patent was made, the subject matter as claimed in the '051 patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

## IV.
## COUNTERCLAIM FOR DECLARATORY JUDGMENT

174. Defendant repeats and realleges Paragraphs 1 through 173 hereof as if fully set forth herein verbatim.

### A.    PARTIES

175. Defendant Officeware Corp. d/b/a Filesanywhere.com is a corporation organized under the laws of the State of Texas, with its principal place of business at 8600 Freeport Parkway, Suite 220, Irving, Texas 75063.

176. On information and belief, Plaintiff Oasis Research, LLC ("Oasis") is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 104 East Houston Street, Suite 190, Marshall, Texas 75670.

### B.    JURISDICTION AND VENUE

177. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Oasis has sued Officeware, among other Defendants, for federal patent infringement.

178. As evidenced by Oasis' Complaint herein and Officeware's Answer thereto, there exists a real and actual controversy between Oasis and Officeware concerning the validity, enforceability and alleged infringement of the '354 patent.

179. As evidenced by Oasis' Complaint herein and Officeware's Answer thereto, there exists a real and actual controversy between Oasis and Officeware concerning the validity,

enforceability and alleged infringement of the '228 patent.

180.    As evidenced by Oasis' Complaint herein and Officeware's Answer thereto, there exists a real and actual controversy between Oasis and Officeware concerning the validity, enforceability and alleged infringement of the '943 patent.

181.    As evidenced by Oasis' Complaint herein and Officeware's Answer thereto, there exists a real and actual controversy between Oasis and Officeware concerning the validity, enforceability and alleged infringement of the '051 patent.

182.    This case qualifies as an exceptional case supporting an award of reasonable attorneys' fees, costs and expenses for Officeware against Oasis pursuant to 35 U.S.C. § 285.

### C.    COUNTERCLAIM FOR DECLARATORY RELIEF

183.    Upon information and belief, Oasis is the owner of the '354 patent.

184.    Upon information and belief, Oasis is the owner of the '228 patent.

185.    Upon information and belief, Oasis is the owner of the '943 patent.

186.    Upon information and belief, Oasis is the owner of the '051 patent.

187.    Officeware hereby makes a claim for declaratory judgment of patent invalidity, unenforceability and non-infringement under 35 U.S.C. §§ 271(b) and (c).

WHEREFORE, Officeware respectfully prays that this Court:

a.    Dismiss Plaintiff's action against Defendant Officeware Corp. d/b/a Filesanywhere.com in its entirety with prejudice;

b.    Declare that Defendant Officeware Corp. d/b/a Filesanywhere.com has not infringed the '354 'patent;

c.    Declare that Defendant Officeware Corp. d/b/a Filesanywhere.com has not infringed the '228 patent;

d.     Declare that Defendant Officeware Corp. d/b/a Filesanywhere.com has not infringed the '943 patent;

e.     Declare that Defendant Officeware Corp. d/b/a Filesanywhere.com has not infringed the '051 patent;

f.     Declare that the '354 patent is invalid and unenforceable;

g.     Declare that the '228 patent is invalid and unenforceable;

h.     Declare that the '943 patent is invalid and unenforceable;

i.     Declare that the '051 patent is invalid and unenforceable;

j.     Award Defendant Officeware Corp. d/b/a Filesanywhere.com its costs, expenses and attorneys' fees; and

k.     Grant Defendant Officeware Corp. d/b/a Filesanywhere.com such other and further relief as it deems just and proper.

## V.
## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant / Counter-Plaintiff demands a trial by jury on all issues triable to a jury.

Dated:  September 23, 2010

Respectfully submitted,

CHALKER FLORES, LLP


By: /s/ Scott A. Meyer
    Scott A. Meyer
    Texas Bar No. 24013162
    Thomas G. Jacks
    Texas Bar No. 24067681
    2711 LBJ Freeway, Suite 1036
    Dallas, Texas 75234
    (214) 866-0001
    (214) 866-0010 (Fax)
    smeyer@chalkerflores.com
    tjacks@chalkerflores.com

**ATTORNEYS FOR DEFENDANT
OFFICEWARE CORP. d/b/a
FILESANYWHERE.COM**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of September, 2010, a true and correct copy of the foregoing document was served on counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's ECF system:


/s/ Scott A. Meyer
Scott A. Meyer