**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **OASIS RESEARCH, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No. 4:10cv435 |
| | § | |
| **ADRIVE LLC, AT&T INC., CARBONITE,** | § | |
| **INC., DRIVE HEADQUARTERS INC., EMC** | § | |
| **CORP., DECHO CORP., IOMEGA CORP.,** | § | **JURY TRIAL DEMANDED** |
| **GODADDY.COM, INC., IRON MOUNTAIN** | § | |
| **INC., IRON MOUNTAIN INFORMATION** | § | |
| **MANAGEMENT, INC., NETMASS, INC.,** | § | |
| **NIRVANIX, INC., OFFICEWARE CORP.** | § | |
| **d/b/a FILESANYWHERE.COM, PRO** | § | |
| **SOFTNET CORP., RACKSPACE** | § | |
| **HOSTING, INC., RACKSPACE US. INC.,** | § | |
| **JUNGLE DISK, LLC, and SOFTLAYER** | § | |
| **TECHNOLOGIES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS IRON MOUNTAIN INC. AND IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.'S ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
IN RESPONSE TO OASIS RESEARCH, LLC'S COMPLAINT**

Defendants Iron Mountain Inc. ("Iron Mountain") and Iron Mountain Information

Management, Inc. ("Iron Mountain Information") (collectively, the "Iron Mountain Entities")

answer plaintiff Oasis Research, LLC's ("Oasis") Complaint as follows. The opening paragraph

of the Complaint does not itself appear to contain any allegations requiring a response. Out of an

abundance of caution, the Iron Mountain Entities deny the allegations of this paragraph. The

Iron Mountain Entities' specific responses to the numbered allegations are set forth below.

**PARTIES**

1.     The Iron Mountain Entities are without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 1.

2.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      The Iron Mountain Entities admit the allegations of paragraph 8.

9.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.      The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

## NATURE OF THE ACTION

15.     With respect to the allegations set forth in paragraph 15, the Iron Mountain Entities admit that the Complaint purports to assert claims of patent infringement, but deny that the Iron Mountain Entities have infringed any valid and enforceable claim of the asserted patents or that Oasis is entitled to any relief.

## JURISDICTION AND VENUE

16.     The Iron Mountain Entities admit the allegations of paragraph 16.

17.     With respect to the allegations set forth in paragraph 17, the Iron Mountain Entities admit that this Court has personal jurisdiction over them in this particular action. However, the Iron Mountain Entities deny that they have committed acts in this jurisdiction that give rise to any cause of action by Oasis. The Iron Mountain Entities deny the remaining allegations of paragraph 17, as they relate to the Iron Mountain Entities.   To the extent the allegations of paragraph 17 are directed to other entities, the Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of such allegations.

18.     With respect to the allegations set forth in paragraph 18, the Iron Mountain Entities admit that venue is proper in this judicial district, but deny that this district is a convenient or appropriate forum in which to proceed with this dispute.  The Iron Mountain Entities expressly reserve their rights under 28 U.S.C. §§ 1404 and 1498(a).

## THE PATENTS-IN-SUIT

19.     The Iron Mountain Entities reallege and incorporate by reference the responses and denials set forth in paragraphs 1-18 above as if fully set forth herein.

20.     The Iron Mountain Entities admit that U.S. Patent No. 5,771,354 (the "'354 patent") is entitled "Internet Online Backup System Provides Remote Storage for Customers Using IDs and Passwords which were Interactively Established When Signing Up for Backup Services," and that the '354 patent bears an issuance date of June 23, 1998.  The Iron Mountain Entities deny the remaining allegations of paragraph 20.

21.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     The Iron Mountain Entities admit that U.S. Patent No. 5,901,228 (the "'228 patent") is entitled "Commercial Online Backup Service That Provides Transparent Extended Storage To Remote Customers Over Telecommunications Links," and that the '228 patent bears an issuance date of May 4, 1999.  The Iron Mountain Entities deny the remaining allegations of paragraph 22.

23.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.     The Iron Mountain Entities admit that U.S. Patent No. 6,411,943 (the "'943 patent") is entitled "Internet Online Backup System Provides Remote Storage for Customers Using IDs and Passwords which were Interactively Established When Signing Up For Backup Services," and that the '943 patent bears an issuance date of June 25, 2002.  The Iron Mountain Entities deny the remaining allegations of paragraph 24.

25.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     The Iron Mountain Entities admit that U.S. Patent No. 7,080,051 (the "'051 patent") is entitled "Internet Download Systems and Methods Providing Software to Internet

Computer Users for Local Execution," and that the '051 patent bears an issuance date of July 16, 2006.  The Iron Mountain Entities deny the remaining allegations of paragraph 26.

27.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

## COUNT I

28.     The Iron Mountain Entities reallege and incorporate by reference the responses and denials set forth in paragraphs 1-27 above as if fully set forth herein.

29.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.     The Iron Mountain Entities deny the allegations of paragraph 40.  With respect to the allegations of indirect infringement, Oasis has failed to articulate a claim because it has not identified the alleged direct infringers.  Accordingly, the Iron Mountain Entities reserve their rights to challenge the facial sufficiency of these claims.

41.     The Iron Mountain Entities admit the allegations of paragraph 41, but deny that the activities in question constitute infringement of any valid and enforceable claim of the '354 patent.

42.     With respect to the allegations set forth in paragraph 42, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

43.     With respect to the allegations set forth in paragraph 43, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

44.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.     The Iron Mountain Entities deny the allegations of paragraph 56, as they relate to the Iron Mountain Entities.  To the extent the allegations of paragraph 56 are directed to other entities, the Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of such allegations.

## **COUNT II**

57.     The Iron Mountain Entities reallege and incorporate by reference the responses and denials set forth in paragraphs 1-56 above as if fully set forth herein.

58.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68.     The Iron Mountain Entities deny the allegations of paragraph 68.  With respect to the allegations of indirect infringement, Oasis has failed to articulate a claim because it has not identified the alleged direct infringers.   Accordingly, the Iron Mountain Entities reserve their rights to challenge the facial sufficiency of these claims.

69.     The Iron Mountain Entities admit the allegations of paragraph 69, but deny that the activities in question constitute infringement of any valid and enforceable claim of the '228 patent.

70.     With respect to the allegations set forth in paragraph 70, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

71.     With respect to the allegations set forth in paragraph 71, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

72.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

83.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83.

84.     The Iron Mountain Entities deny the allegations of paragraph 84, as they relate to the Iron Mountain Entities.   To the extent the allegations of paragraph 84 are directed to other entities, the Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT III

85.     The Iron Mountain Entities reallege and incorporate by reference the responses and denials set forth in paragraphs 1-84 above as if fully set forth herein.

86.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87.

88.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88.

89.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

90.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90.

91.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

92.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92.

93.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93.

94.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94.

95.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96.     The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96.

97.     The Iron Mountain Entities deny the allegations of paragraph 97.  With respect to the allegations of indirect infringement, Oasis has failed to articulate a claim because it has not identified the alleged direct infringers.  Accordingly, the Iron Mountain Entities reserve their rights to challenge the facial sufficiency of these claims.

98.     The Iron Mountain Entities admit the allegations of paragraph 98, but deny that the activities in question constitute infringement of any valid and enforceable claim of the '943 patent.

99.     With respect to the allegations set forth in paragraph 99, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

100.    With respect to the allegations set forth in paragraph 100, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

101.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101.

102.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102.

103.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103.

104.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104.

105.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105.

106.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106.

107.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107.

108.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108.

109.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109.

110.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110.

111.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111.

112.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112.

113.    The Iron Mountain Entities deny the allegations of paragraph 113, as they relate to the Iron Mountain Entities.    To the extent the allegations of paragraph 113 are directed to other entities, the Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of such allegations.

## COUNT IV

114.    The Iron Mountain Entities reallege and incorporate by reference the responses and denials set forth in paragraphs 1-113 above as if fully set forth herein.

115.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115.

116.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116.

117.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117.

118.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118.

119.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119.

120.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120.

121.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121.

122.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122.

123.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123.

124.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 124.

125.    The Iron Mountain Entities deny the allegations of paragraph 125.  With respect to the allegations of indirect infringement, Oasis has failed to articulate a claim because it has not identified the alleged direct infringers.  Accordingly, the Iron Mountain Entities reserve their rights to challenge the facial sufficiency of these claims.

126.    The Iron Mountain Entities admit the allegations of paragraph 126, but deny that the activities in question constitute infringement of claim 9 of the '051 patent.

127.    With respect to the allegations set forth in paragraph 127, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

128.    With respect to the allegations set forth in paragraph 128, Oasis has dismissed its claims against NetMass, Inc., and thus no responsive pleading is required.

129.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129.

130.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130.

131.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131.

132.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132.

133.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133.

134.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134.

135.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135.

136.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136.

137.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 137.

138.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138.

139.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139.

140.    The Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140.

141.    The Iron Mountain Entities deny the allegations of paragraph 141, as they relate to the Iron Mountain Entities.   To the extent the allegations of paragraph 141 are directed to other entities, the Iron Mountain Entities are without knowledge or information sufficient to form a belief as to the truth of such allegations.

## PRAYER FOR RELIEF

The paragraphs set forth in the Prayer for Relief section of the Complaint contain statements to which no response is required.  The Iron Mountain Entities deny that Oasis is entitled to any of the requested relief and deny any allegations.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Oasis' request for a jury trial and all issues triable of right before a jury to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, the Iron Mountain Entities allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, the Iron Mountain Entities specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

142.    The claims of the '354 patent are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Sections 101, 102, 103, 112, 132, 251 of Title 35 of the United States Code.

143.    The claims of the '228 patent are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Sections 101, 102, 103, 112, 132, 251 of Title 35 of the United States Code.

144.    The claims of the '943 patent are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Sections 101, 102, 103, 112, 132, 251 of Title 35 of the United States Code.

145.    The claims of the '051 patent are invalid and/or unpatentable for failure to satisfy one or more of the requirements of Sections 101, 102, 103, 112, 132, 251 of Title 35 of the United States Code.

146.    Oasis's claims are barred, in whole or in part, by the doctrine of laches.

147.    Oasis' request for relief is barred or otherwise limited by 35 U.S.C. § 288.

148.    If Oasis is entitled to any relief for alleged infringement of the patents in suit, some or all of that relief is limited under 28 U.S.C. § 1498(a).

149.    The Iron Mountain Entities reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

The Iron Mountain Entities, for their Counterclaims against Oasis and upon information and belief, state and allege as follows:

## THE PARTIES

1.      Defendants Iron Mountain Inc. and Iron Mountain Information Management Inc. (collectively, the "Iron Mountain Entities") are Delaware corporations with their principal place of business at 745 Atlantic Avenue, Boston, MA 02111.

2.      On information and belief, plaintiff Oasis Research, LLC ("Oasis") is a Delaware limited liability company, with its principal place of business at 104 E. Houston Street, Suite 190, Marshall, TX 75670.

## JURISDICTION AND VENUE

3.      Subject to the Iron Mountain Entities' affirmative defenses and denials, the Iron Mountain Entities allege that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4.      This Court has personal jurisdiction over Oasis.

## FACTUAL BACKGROUND

5.      In its Complaint, Oasis asserts that the Iron Mountain Entities have infringed U.S. Patent Nos. 5,771,354 (the "'354 patent"), 5,901,228 (the "'228 patent"), 6,411,943 ("'943 patent"), and 7,080,051 (the "'051 patent").

6.      The '354, '228, '943, and '051 patents are invalid, unpatentable, unenforceable, and/or have not been and are not infringed by the Iron Mountain Entities, directly or indirectly.

7.      Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, unpatentability and/or unenforceability of the '354, '228, '943, and '051 patents.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,771,354

8.      The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 7 of their Counterclaims.

9.      An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '354 patent is not infringed by the Iron Mountain Entities.

10.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights regarding the '354 patent.

11.     The Iron Mountain Entities have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '354 patent.

## COUNT TWO

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,901,228

12.     The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 11 of their Counterclaims.

13.     An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '228 patent is not infringed by the Iron Mountain Entities.

14.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights regarding the '228 patent.

15.     The Iron Mountain Entities have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '228 patent.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,411,943

16.     The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 15 of their Counterclaims.

17.     An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '943 patent is not infringed by the Iron Mountain Entities.

18.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights regarding the '943 patent.

19.     The Iron Mountain Entities have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '943 patent.

## COUNT FOUR

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,080,051

20.     The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 19 of their Counterclaims.

21.     An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '051 patent is not infringed by the Iron Mountain Entities.

22.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights regarding the '051 patent.

23.     The Iron Mountain Entities have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the '051 patent.

## COUNT FIVE

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,771,354

24.     The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 23 of their Counterclaims.

25.     An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '354 patent is invalid.

26.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights as to whether the '354 patent is invalid.

27.     The '354 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, 112, 132, and 251.

**COUNT SIX**

**Declaratory Judgment of Invalidity of U.S. Patent No. 5,901,228**

28.     The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 27 of their Counterclaims.

29.     An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '228 patent is invalid.

30.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights as to whether the '228 patent is invalid.

31.     The '228 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, 112, 132, and 251.

**COUNT SEVEN**

**Declaratory Judgment of Invalidity of U.S. Patent No. 6,411,943**

32.     The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 31 of their Counterclaims.

33.     An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '943 patent is invalid.

34.     A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights as to whether the '943 patent is invalid.

35.    The '943 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, 112, 132, and 251.

## COUNT EIGHT

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,080,051

36.    The Iron Mountain Entities restate and incorporate by reference their allegations in paragraphs 1 through 35 of their Counterclaims.

37.    An actual case or controversy exists between the Iron Mountain Entities and Oasis as to whether the '051 patent is invalid.

38.    A judicial declaration is necessary and appropriate so that the Iron Mountain Entities may ascertain their rights as to whether the '051 patent is invalid.

39.    The '051 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, 112, 132, and 251.

## PRAYER FOR RELIEF

WHEREFORE, the Iron Mountain Entities pray for judgment as follows:

a.    A judgment dismissing with prejudice Oasis's Complaint against the Iron Mountain Entities;

b.    A judgment in favor of the Iron Mountain Entities on all of their Counterclaims;

c.    A declaration that the Iron Mountain Entities have not infringed, either directly or indirectly, any valid claims of the '354 patent;

d.    A declaration that the Iron Mountain Entities have not infringed, either directly or indirectly, any valid claims of the '228 patent;

e.    A declaration that the Iron Mountain Entities have not infringed, either directly or indirectly, any valid claims of the '943 patent;

f.      A declaration that the Iron Mountain Entities have not infringed, either directly or indirectly, any valid claims of the '051 patent;

g.      A declaration that the claims of the '354 patent are invalid and unpatentable;

h.      A declaration that the claims of the '228 patent are invalid and unpatentable;

i.      A declaration that the claims of the '943 patent are invalid and unpatentable;

j.      A declaration that the claims of the '051 patent are invalid and unpatentable;

k.      An injunction against Oasis and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Oasis from charging infringement or instituting any legal action for infringement of the '354, '228, '943, or the '051 patents against the Iron Mountain Entities or anyone acting in privity with the Iron Mountain Entities;

l.      A declaration that this case is exceptional and an award to the Iron Mountain Entities of their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

m.      A judgment limiting or barring Oasis's ability to enforce the '354, '228, '943, or the '051 patents in equity;

n.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, the Iron Mountain Entities respectfully demand a jury trial of all issues triable to a jury in this action.

Dated:  November 5, 2010

Respectfully submitted,

By: /s/ *C. Erik Hawes*
    C. Erik Hawes
    State Bar No. 24042543
    MORGAN, LEWIS & BOCKIUS LLP
    1000 Louisiana Street, Suite 4000
    Houston, TX  77002
    Telephone No. (713) 890-5175
    Telecopier No. (713) 890-5001
    Email:  ehawes@morganlewis.com

    ATTORNEYS FOR DEFENDANTS/
    COUNTER-PLAINTIFFS IRON
    MOUNTAIN, INC. AND IRON
    MOUNTAIN INFORMATION
    MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of **Defendants Iron Mountain Inc. and Iron Mountain Information Management Inc.'s Original Answer, Affirmative Defenses, and Counterclaims To Oasis's Original Complaint** via the Court's CM/ECF system per Local Rule CV-5(a)(3) .

Dated:  November 5, 2010

By:  /s/ *C. Erik Hawes*
    C. Erik Hawes