**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| OASIS RESEARCH, LLC, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 4:10-cv-00435 |
| ADRIVE LLC, ET AL., | § **JURY TRIAL DEMANDED** |
| Defendants. | § |

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS,
AND REQUEST FOR JURY TRIAL**

Defendant AT&T, Inc. ("AT&T") by its attorneys, serves and files this Answer to the correspondingly numbered paragraphs of the Complaint by Plaintiff Oasis Research, LLC ("Plaintiff"), Affirmative Defenses to the Complaint, Counterclaims, and Request for Jury Trial.

**ANSWER**

**Parties**

1-2.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs no. 1-2, inclusive, and accordingly denies the same.

3.   AT&T admits that it is a corporation organized under the laws of Delaware with a principal place of business at 208 South Akard Street, Dallas, Texas 75202.  AT&T may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201, and denies the remainder of paragraph 3.

4-14.   AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4-14, inclusive, and accordingly denies the same

## Nature of the Action

15.     AT&T admits that on its face, the Complaint alleges claims for patent infringement of the indicated patents, but AT&T specifically denies any wrongdoing or infringement, and denies the remainder of the allegations of paragraph 15.

## Jurisdiction and Venue

16.     AT&T admits that, based upon the allegations in the Complaint, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1338(a) and 1331, but specifically denies any wrongdoing or infringement, and denies the remainder of the allegations of paragraph 16.

17.     AT&T admits that the Court has personal jurisdiction as to AT&T but denies that any event or act or omission on its part in this judicial district or elsewhere has given rise to any claim by Plaintiff against AT&T, and denies the remaining allegations of this paragraph.

18.     Denied.

## The Patents-In-Suit

19.     AT&T reincorporates its responses to the allegations of paragraphs 1-18, inclusive, as if fully set forth herein.

20.     AT&T admits that on its face, United States Patent Number 5,771,354 (the '354 Patent), states that it issued on June 23, 1998 and is titled, "Internet Online Backup System Provides Remote Storage for Customers Using IDs and Passwords which were Interactively Established When Signing Up For Backup Services," that Exhibit A on its face purports to be a copy of the '354 Patent, and denies the remainder of the allegations of this paragraph.

21. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and accordingly denies the same. AT&T acknowledges that Plaintiff has limited its claims asserted to method claims.

22. AT&T admits that on its face, United States Patent Number 5,901,228 (the '228 Patent), states that it issued on May 4, 1999 and is titled, "Commercial Online Backup Service That Provides Transparent Extended Storage To Remote Customers Over Telecommunications Links," that Exhibit B on its face purports to be a copy of the '228 Patent, and denies the remainder of the allegations of this paragraph.

23. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and accordingly denies the same. AT&T acknowledges that Plaintiff has limited its claims asserted to method claims.

24. AT&T admits that on its face, United States Patent Number 6,411,943 (the '943 Patent), states that it issued on June 25, 2002 and is titled, "Internet Online Backup System Provides Remote Storage for Customers Using IDs and Passwords which were Interactively Established When Signing Up For Backup Services," that Exhibit C on its face purports to be a copy of the '943 Patent, and denies the remainder of the allegations of this paragraph.

25. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and accordingly denies the same. AT&T acknowledges that Plaintiff has limited its claims asserted to method claims.

26. AT&T admits that on its face, United States Patent Number 7,080,051 (the '051 Patent), states that it issued on July 18, 2006 and is titled, "Internet Download Systems and Methods Providing Software To Internet Computer Users for Local Execution," that Exhibit D

on its face purports to be a copy of the '051 Patent, and denies the remainder of the allegations of this paragraph.

27. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and accordingly denies the same. AT&T acknowledges that Plaintiff has limited its claims asserted to a method claim.

## Count I

## (Infringement of United States Patent No. 5,771,354)

28. AT&T reincorporates its responses to the allegations of paragraphs 1-27, inclusive, as if fully set forth herein.

29-30. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 29-30, inclusive, and accordingly denies the same.

31. Denied.

32. AT&T, Inc. denies that it has offered or continues to offer the Synaptic branded services or additional online backup/storage services, but admits services are offered or have been offered at synaptic.att.com and remotevault.att.com, and denies the remainder of this paragraph.

33-55. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 33-55, inclusive, and accordingly denies the same.

56. AT&T denies the allegations of paragraph 56 to the extent directed to AT&T, and AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly denies the same.

## Count II

### (Infringement of United States Patent No. 5,901,228)

57. AT&T reincorporates its responses to the allegations of paragraphs 1-56, inclusive, as if fully set forth herein.

58-59. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 58-59, inclusive, and accordingly denies the same.

60. Denied.

61. AT&T, Inc. denies that it has offered or continues to offer the Synaptic branded services or additional online backup/storage services, but admits services are offered or have been offered at synaptic.att.com and remotevault.att.com, and denies the remainder of this paragraph.

62-83. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 62-83, inclusive, and accordingly denies the same.

84. AT&T denies the allegations of paragraph 84 to the extent directed to AT&T, and AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly denies the same.

## Count III

### (Infringement of United States Patent No. 6,411,943)

85. AT&T reincorporates its responses to the allegations of paragraphs 1-84, inclusive, as if fully set forth herein.

86-87. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 86-87, inclusive, and accordingly denies the same.

88. Denied.

89.     AT&T, Inc. denies that it has offered or continues to offer the Synaptic branded services or additional online backup/storage services, but admits services are offered or have been offered at synaptic.att.com and remotevault.att.com, and denies the remainder of this paragraph.

90-112.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 90-112, inclusive, and accordingly denies the same.

113.    AT&T denies the allegations of paragraph 113 to the extent directed to AT&T, and AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly denies the same.

## Count IV

### (Infringement of United States Patent No. 7,080,051)

114.    AT&T reincorporates its responses to the allegations of paragraphs 1-113, inclusive, as if fully set forth herein.

115-116.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 115-116, inclusive, and accordingly denies the same.

117.    Denied.

118.    AT&T, Inc. denies that it has offered or continues to offer the Synaptic branded services or additional online backup/storage services, but admits services are offered or have been offered at synaptic.att.com and remotevault.att.com, and denies the remainder of this paragraph.

119-140.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 119-140, inclusive, and accordingly denies the same.

141. AT&T denies the allegations of paragraph 141 to the extent directed to AT&T, and AT&T is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and accordingly denies the same.

## Prayer for Relief

(a)-(d). AT&T denies the relief requested and denies the remainder of the allegations with respect to AT&T, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and accordingly denies the same.

## AFFIRMATIVE DEFENSES

1. **First Affirmative Defense**. AT&T does not infringe, and at all times relevant to this action, has not infringed upon any valid and enforceable claim of the '354, '228, '943 and/or '051 Patents ("The Patents"), whether directly or indirectly, literally or pursuant to the doctrine of equivalents.

2. **Second Affirmative Defense**. The Patents, including all of the claims, are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§101, 102, and 103.

3. **Third Affirmative Defense**. The Patents, including all of the claims, are invalid for failure to comply with the requirements of 35 U.S.C. §112.

4. **Fourth Affirmative Defense**. The Complaint fails to state a claim upon which relief can be granted.

5. **Fifth Affirmative Defense**. Plaintiff is estopped by reason of the prosecution of the application of the Patents in the United States Patent & Trademark Office to assert for each

of the Patents a claim construction that would cause the patent to cover or to include any product or service involving AT&T.

6. **Sixth Affirmative Defense**. Plaintiff's claims for infringement of the Patents are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or acquiescence.

7. **Seventh Affirmative Defense**. Plaintiff's claims are barred in whole or in part by failure to mark pursuant to 35 U.S.C. §287.

8. **Eighth Affirmative Defense**. Plaintiff's claims are barred in whole or in part pursuant to the limitations period of 35 U.S.C. §286.

## COUNTERCLAIMS

1. AT&T files these Counterclaims for declaratory judgment of patent invalidity and noninfringement, and would respectfully show as follows.

### Parties

2. Defendant and Counter-Plaintiff AT&T is a corporation organized and existing under the laws of Delaware.

3. On information and belief, Plaintiff and Counter-Defendant Oasis Research, LLC is organized and existing under the laws of Delaware.

### Jurisdiction and Venue

4. Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 in that a claim is presented for declaratory judgment and under 28 U.S.C. § 1338(a) because this claim arises under the laws of the United States relating to patents. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim alleged occurred in this district.

### Count I:  Patent Invalidity

5. This count is for a declaratory judgment that the Patents are invalid. Counter-Defendant Oasis Research alleges in this lawsuit that it is the owner by assignment of the Patents, and that Counter-Plaintiff has infringed the Patents.

6. The Patents are invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and 103, including but not limited to:

(a) The subject matter claimed in the Patents is not new or useful as required by 35 U.S.C. § 101;

(b) The subject matter claimed in the Patents was patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the patent applicant and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(a);

(c) The subject matter claimed in the Patents was patented or described in a printed publication in this or a foreign country more than one year prior to the effective filing date of the patent application for the Patents and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(b); and

(d) The subject matter claimed in the Patents would have been obvious at the time of the alleged invention by the patent applicant to a person having ordinary skill in the art to which the subject matter pertains and, therefore, was unpatentable pursuant to 35 U.S.C. § 103.

7. The Patents are also invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112 including but not limited to the written description requirement, best mode requirement, and enabling disclosure requirement.  Further, the Patents are invalid for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

### Count II: Noninfringement

8. This count is for a declaratory judgment that Defendant and Counter-Plaintiff AT&T does not infringe upon the Patents.

9. Defendant and Counter-Plaintiff does not infringe, and at all times has not infringed, contributed to infringement, or induced infringement of any valid or enforceable claim of the Patents, whether literally or under the doctrine of equivalents.

### **PRAYER**

AT&T prays that:

(a) Plaintiff's Complaint against AT&T be dismissed with prejudice and Plaintiff take nothing by way of this action;

(b) Judgment be entered in favor of AT&T against Plaintiff declaring that the Patents are invalid;

(c) Judgment be entered in favor of AT&T against Plaintiff declaring that AT&T does not infringe upon the Patents;

(d) Judgment be entered enjoining Plaintiff, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with it, from asserting or attempting to enforce the Patents against AT&T or its customers;

(e) Judgment be entered in favor of AT&T against Plaintiff and finding that this is an exceptional case based on Plaintiff's conduct and that AT&T is entitled to recover its attorneys' fees and costs under 35 U.S.C. §285; and

(f) AT&T have such other and further relief this Court deems just and proper.

**Demand for Jury Trial**

AT&T demands a trial by jury on all issues so triable.

   /s/  Phillip B. Philbin
Phillip B. Philbin
Texas State Bar No. 15909020
phillip.philbin@haynesboone.com
Theodore G. Baroody
Texas State Bar No. 01797550
ted.baroody@haynesboone.com
Don E. Tiller
Texas State Bar No. 24066197
don.tiller@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Tel: 214-651-5000
Fax: 214-651-5940

ATTORNEYS FOR DEFENDANT, AT&T, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of November, 2010.

   /s/  Phillip b. Philbin