**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| OASIS RESEARCH, LLC, § § *Plaintiff*, § § v. § § ADRIVE LLC; AT&T INC.; § CARBONITE, INC.; DRIVE § HEADQUARTERS INC.; EMC CORP.; § DECHO CORP.; IOMEGA CORP.; § GODADDY.COM, INC.; IRON § MOUNTAIN, INC.; IRON MOUNTAIN § INFORMATION MANAGEMENT, § INC.; NETMASS, INC.; NIRVANIX, § INC.; OFFICEWARE CORP. d/b/a/ § FILESANYWHERE.COM; PRO § SOFTNET CORP.; RACKSPACE § HOSTING, INC.; RACKSPACE US, § INC.; JUNGLE DISK, LLC; and § SOFTLAYER TECHNOLOGIES, INC. § § *Defendants*. § § | Civil Action No. 4:10-CV-435-MHS-ALM JURY TRIAL DEMANDED |

**DEFENDANTS EMC CORP., DECHO CORP., AND IOMEGA CORP.'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants EMC Corp., Decho Corp., and Iomega Corp. (collectively, "the EMC entities") hereby move to dismiss the Complaint by Plaintiff Oasis Research, LLC ("Oasis").

## I. INTRODUCTION

Oasis has not stated a claim against the EMC entities for infringement. The Court for Eastern District of Texas has "high expectations of a plaintiff's preparedness before it brings suit." *Clear with Computers LLC v. Bergdorf Goodman, Inc.*, No. 6:09CV481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010), *citing Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). Oasis's Complaint against the EMC entities does not demonstrate the level of preparedness required for the plaintiff to proceed. Until it pleads sufficient facts demonstrating it has an actual, well-founded basis to allege infringement, Oasis should not be allowed to proceed with its case against the EMC entities.

To the extent any factual allegations are made, Oasis premises them "upon information and belief." Such allegations are tantamount to saying "defendant may or may not infringe." With respect to Oasis's indirect and willfulness allegations, Oasis makes no factual allegation whatsoever. In the end, Oasis's entire claim rests on the use of a couple of products names—nothing else. Knowing the name of a product is an insufficient basis to involve a company in a complex and expensive lawsuit. This Court should not let Oasis proceed with its claims against the EMC entities without any meaningful, factual pleading.

## II. BACKGROUND

In its Complaint, Oasis makes the naked assertion that the EMC entities infringe four patents owned by Oasis: U.S. Patent Nos. 5,771,354 ("the '354 patent"), 5,901,228, 6,411,943 ("the '943 patent), and 7,080,051 (collectively, the "Oasis patents"). Oasis's infringement assertions against the EMC entities with respect to the '354 patent is essentially identical to its assertions as to the other Oasis patents. The total of Oasis's allegations are:

> 37. EMC, either alone or in conjunction with others, has infringed, contributed to the infringement of, and/or induced others to infringe, literally and/or under the doctrine of equivalents one or more of the method claims of the

>'354 patent by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its online backup/storage services in this District and elsewhere in the United States. ***Upon information and belief*** EMC's infringement is continuing.
>
>38.   ***Upon information and belief***, EMC has been aware of and has willfully infringed the '354 patent. EMC's willful infringement of the '354 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.
>
>39.   For example, ***upon information and belief***, EMC has offered and continues to offer its "Mozy" branded services at its website: www.mozy.com and has offered and continues to offer the service plans "MozyHome" and "MozyPro." ***On information and belief***, additional online backup/storage services that have been offered by EMC include, but are not limited to, its "iStorage" branded service at it website: www.iomega.com/na/products/istorage.html and its "Atmos" branded service at its website: www.atmosonline.com.

Oasis's Compl. ¶¶ 37-39 (emphasis added); *see also id.* ¶¶ 66-67, 94-96 & 123-24.

The Complaint pleads nothing other than these conclusory allegations as to the EMC entities' purported infringement upon information and belief.  It does not identify direct infringers.  It does not plead facts to support Oasis's allegation that the EMC entities knew about the asserted patents or engaged in any conduct which would give rise to allegation of willfulness.

## III.   ARGUMENT

The Supreme Court has held that the pleading technique employed by Oasis in this case is insufficient. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This Court should dismiss Oasis's claims against the EMC entities on that basis.

### A.   Dismissal Pursuant To Rule 12(b)(6)

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  [] The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556 & 570).

In ruling on a motion pursuant to Rule 12(b)(6), a court may begin by first identifying allegations that are mere legal conclusions, which are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950 ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Next, a court should accept as true any well-pleaded factual allegations, and then determine whether those facts plausibly give right to relief. *Id.* A court need not, however, accept as true mere legal conclusions that are couched as factual allegations. *Twombly*, 550 U.S. at 555.

### B. Oasis Has Not Stated A Claim For Direct Infringement

Oasis premises its direct infringement claims in their entirety against the EMC entities "on information and belief." Oasis's Compl. ¶¶ 37-39, 66-67, 94-96 & 123-24. Such an allegation is saying that the EMC entities "may or may not" infringe the patents-in-suit. *See Elan Microelecs. Corp. v. Apple, Inc.*, No. C 09-01531-RS, 2009 WL 2972374, at *3-*4 (N.D. Cal. Sept. 14, 2009) (holding that simply speculating or guessing that infringement may be occurring is not enough to proceed with a case). The Advisory Committee Notes of Federal Rule of Civil Procedure 11(b)(3) are instructive as to what constitutes proper pleading "on information and belief:"

> [S]ometimes a litigant may have ***good reason to believe*** that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and ***confirm the evidentiary basis for the allegation***. Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; ***it is not a license to join parties, make claims, or present defenses without any factual basis or justification***.

Fed. R. Civ. P. 11 *adv. committee notes* (1993) (emphasis added). Other courts have dismissed complaints based upon the same sort of speculative and unfounded allegations. *In re Papst Licensing GmBH & Co. KG Litig.*, 585 F. Supp. 2d 32 (D.D.C. 2008) (holding that pleading "on information and belief" does not raise the assertion above the speculative level). Oasis makes the very type of allegations the Federal Rules warn against.

- 3 -

### C. Oasis Has Not Stated A Claim For Indirect Infringement

Oasis has not stated a claim for indirect infringement because it has not identified any direct infringers. To state a claim for indirect infringement, Oasis must allege facts showing the existence of direct infringement by a particular person, entity, or third party. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("either form of 'dependent infringement' cannot occur without an act of direct infringement"). Courts have dismissed induced and contributory infringement claims with similarly Spartan pleadings that do not identify direct infringers. For example, in *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010), this Court found that the plaintiff's complaint for patent infringement failed to comply with the federal pleading requirements as articulated in *Twombly* and *Iqbal* where the plaintiff had "not alleged a direct infringer in relation to its indirect infringement claims." *Eolas Techs.*, 2010 WL 2026627 at *3 (dismissing patent infringement claim for failure to state sufficient facts to "state a claim for indirect infringement that is plausible on its face"); *see also Realtime Data, LLC v. Morgan Stanley*, No. 6:09CV326, --- F. Supp. 2d ----, 2010 WL 2403779, *6 (E.D. Tex. June 10, 2010).

In addition, Oasis has not stated a claim for induced infringement because it has not pled any facts to demonstrate a plausible basis to meet the standard of induced infringement. To plead a claim of induced infringement, Oasis must allege facts showing: (1) that the EMC entities knew of the patents-in-suit, (2) that the EMC entities knowingly and actively aided and abetted the direct infringement, and (3) that the EMC entities possessed specific intent to encourage the direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*). Courts have dismissed claims of induced infringement for failure to plead any predicate facts. *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 695 F. Supp. 2d 680, 686-87 (S.D. Ohio 2010). Oasis's induced infringement claims against the EMC entities are based on nothing but mere recitation of legal conclusions. The allegations that the EMC entities "ha[ve] contributed to the infringement of, and/or induced others to infringe" the asserted patents and "[u]pon information and belief, EMC has been aware of and has willfully

infringed" the asserted patents (Oasis's Compl. ¶¶ 37-38) are insufficient because they are broad conclusory allegations, unsupported by any facts whatsoever, and cannot be accepted as true. *Iqbal*, 129 S. Ct. at 1949.

Oasis's assertion of contributory infringement fares no better. To plead a claim of contributory infringement, Oasis must allege facts showing (1) that the EMC entities knowingly made the accused products especially for use to infringe the asserted patents, and (2) that the accused products sold by the EMC entities have no substantial noninfringing uses. *See* 35 U.S.C. § 271(c); *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004); *see, e.g.*, *Halton Co. v. Steivor, Inc.*, No. C 10-00655, 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010) (dismissing contributory copyright infringement claim for insufficient pleading). Oasis alleges no facts supporting an allegation of indirect infringement. Its Complaint merely alleges a legal conclusion that the EMC entities have "contributed to infringement of" the asserted patents, which the Court must disregard. *Iqbal*, 129 S. Ct. at 1949. Accordingly, the Court should dismiss Oasis's claims of indirect infringement.

### D. Oasis Has Not Stated A Claim For Willful Infringement

Oasis has also not pled any facts to support its charge of willful infringement by the EMC entities. Federal Circuit precedent requires that "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Per this Court, "the Federal Circuit specifically requires that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed." *Realtime Data*, *supra*, 2010 WL 2403779 at *7 (citing *Seagate*, 497 F.3d at 1371). A claim for willful infringement requires the plaintiff to plead facts that support a plausible claim that the infringer acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Mere negligence is not enough; a defendant must have shown a "reckless disregard" of the plaintiff's patents to willfully infringe. *Id.* For a defendant's behavior to rise to the level of "reckless disregard," the risk of infringement must be "known or so obvious that it should have been known to the accused infringer." *Id.*

Oasis's conclusory assertion that the EMC entities have engaged in willful infringement falls far short of stating a claim. Interestingly, Oasis alleges willful infringement against the EMC entities for the '346 and '943 patents, but not as to the other patents or other defendants in the action. Oasis's Compl. ¶¶ 38 & 95. However, Oasis has offered no factual allegations that, even if assumed true, would tend to show an objectively high likelihood that the EMC entities acted in reckless disregard of Oasis's alleged patent rights. Rather than alleging any facts showing that the risk of infringement was known to, but ignored by, the EMC entities, Oasis relies solely on a boilerplate assertion of "information and belief" that the EMC entities "ha[ve] been aware of and [have] willfully infringed the [Oasis patents]." Oasis's Compl. ¶ 38. This allegation, however, is no more than a "formulaic recitation of the elements of a cause of action" rejected as insufficient in *Iqbal* and *Twombly*. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Because Oasis has pled no facts whatsoever regarding the circumstances of the alleged willful infringement, the Complaint fails to communicate Oasis's good faith basis for making those allegations. Oasis's Compl. ¶¶ 38 & 95. Accordingly, the Court should dismiss Oasis's claim of willful infringement as to the EMC entities, and correspondingly strike the prayer for treble damages from the EMC entities based on those allegations. *Id*., Prayer for Relief ¶ (c).

Dated: November 8, 2010

By:       */s/* I. Neel Chatterjee
Eric H. Findlay (Texas Bar No. 00789886)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com

Chris R. Ottenweller (*admission being sought*)
 *LEAD ATTORNEY*
I. Neel Chatterjee
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
cottenweller@orrick.com
nchatterjee@orrick.com

Daniel N. Kassabian (*admission being sought*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-4298
Facsimile: (415) 773-5759
dkassabian@orrick.com

Christopher A. Hivick (*admission being sought*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
chivick@orrick.com

*Of counsel:*
William Clark, Esq.
Krish Gupta, Esq.
EMC CORPORATION
176 South Street
Hopkinton, MA 01748

## CERTIFICATE OF SERVICE

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and first class mail, return receipt requested.

      Dated: November 8, 2010

                                                          */s/* I. Neel Chatterjee