IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Oasis Research, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>ADRIVE LLC,<br>AT&T INC.,<br>CARBONITE, INC.,<br>DRIVE HEADQUARTERS INC.,<br>EMC CORP.,<br>DECHO CORP.,<br>IOMEGA CORP.,<br>GODADDY.COM, INC.,<br>IRON MOUNTAIN INC.,<br>IRON MOUNTAIN INFORMATION<br>    MANAGEMENT, INC.,<br>NETMASS, INC.,<br>NIRVANIX, INC.,<br>OFFICEWARE CORP.<br>    d/b/a/ FILESANYWHERE.COM,<br>PRO SOFTNET CORP.,<br>RACKSPACE HOSTING, INC.,<br>RACKSPACE US, INC.,<br>JUNGLE DISK, LLC,<br>    and<br>SOFTLAYER TECHNOLOGIES, INC.<br><br>    Defendants. | Civil Action No. 4:10cv435-MHS-ALM<br><br>JURY TRIAL DEMANDED |

### OASIS RESEARCH, LLC'S ANSWER TO DEFENDANT AT&T, INC.'S COUNTERCLAIMS

Plaintiff OASIS RESEARCH, LLC ("Oasis") hereby replies to the counterclaims raised by Defendant AT&T, INC. ("AT&T") in its Answer, Affirmative Defenses, And Request For Jury Trial ("Counterclaims") and alleges as follows:

COUNTERCLAIM PARAGRAPH 1:

AT&T files these Counterclaims for declaratory judgment of patent invalidity and noninfringement, and would respectfully show as follows.

ANSWER TO COUNTERCLAIM PARAGRAPH 1:

Oasis admits that AT&T has filed Counterclaims for declaratory judgment of patent invalidity and noninfringement, but denies that AT&T has any factual or legal basis for those Counterclaims.

**Parties**

COUNTERCLAIM PARAGRAPH 2:

Defendant and Counter-Plaintiff AT&T is a corporation organized and existing under the laws of Delaware.

ANSWER TO COUNTERCLAIM PARAGRAPH 2:

Upon information and belief, admitted.

COUNTERCLAIM PARAGRAPH 3:

On information and belief, Plaintiff and Counter-Defendant Oasis Research, LLC is organized and existing under the laws of Delaware.

ANSWER TO COUNTERCLAIM PARAGRAPH 3:

Admitted.

**Jurisdiction and Venue**

COUNTERCLAIM PARAGRAPH 4:

Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 in that a claim is presented for declaratory judgment and under 28 U.S.C. § 1338(a) because this claim arises under the laws of the United States relating to patents.  Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim alleged occurred in this district.

ANSWER TO COUNTERCLAIM PARAGRAPH 4:

Oasis admits that it has sued AT&T, among other Defendants, for patent infringement.  Oasis admits that AT&T purports to bring certain counterclaims for declaratory relief, that this Court has jurisdiction over such counterclaims, and that venue is proper in this district, but denies that AT&T has any factual or legal basis for those counterclaims.

**Count 1: Patent Invalidity**

COUNTERCLAIM PARAGRAPH 5:

This count is for a declaratory judgment that the Patents are invalid.  Counter-Defendant Oasis Research alleges in this lawsuit that it is the owner by assignment of the Patents, and that Counter-Plaintiff has infringed the Patents.

ANSWER TO COUNTERCLAIM PARAGRAPH 5:

Oasis admits that AT&T purports to bring a counterclaim for a declaratory judgment that the '354, '228, '943 and/or '051 patents are invalid, but denies that AT&T has any factual or legal basis for that counterclaim.  Oasis admits that it is the owner by assignment of the '354, '228, '943 and '051 patents, and that AT&T has infringed the '354, '228, '943 and '051 patents.

COUNTERCLAIM PARAGRAPH 6:

The Patents are invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and 103, including but not limited to:

(a) The subject matter claimed in the Patents is not new or useful as required by 35 U.S.C. § 101;

(b) The subject matter claimed in the Patents was patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the patent applicant and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(a);

(c) The subject matter claimed in the Patents was patented or described in a printed publication in this or a foreign country more than one year prior to the effective filing date of the patent application for the Patents and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(b); and

(d) The subject matter claimed in the Patents would have been obvious at the time of the alleged invention by the patent applicant to a person having ordinary skill in the art to which the subject matter pertains and, therefore, was unpatentable pursuant to 35 U.S.C. § 103.

ANSWER TO COUNTERCLAIM PARAGRAPH 6:

Denied.

COUNTERCLAIM PARAGRAPH 7:

The Patents are also invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112 including but not limited to the written description requirement, best mode requirement, and enabling disclosure requirement.  Further, the Patents are invalid for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

ANSWER TO COUNTERCLAIM PARAGRAPH 7:

Denied.

## Count II: Noninfringement

COUNTERCLAIM PARAGRAPH 8:

This count is for a declaratory judgment that Defendant and Counter-Plaintiff AT&T does not infringe upon the Patents.

ANSWER TO COUNTERCLAIM PARAGRAPH 8:

Oasis admits that AT&T purports to bring a counterclaim for a declaratory judgment that AT&T does not infringe the '354, '228, '943 and/or '051 patents.

COUNTERCLAIM PARAGRAPH 9:

Defendant and Counter-Plaintiff does not infringe, and at all times has not infringed, contributed to infringement, or induced infringement of any valid or enforceable claim of the Patents, whether literally or under the doctrine of equivalents.

ANSWER TO COUNTERCLAIM PARAGRAPH 9:

Denied.

## **GENERAL DENIAL**

Oasis further denies each and every allegation contained in the Counterclaims to which Oasis has not specifically responded.

## **PRAYER FOR RELIEF**

WHEREFORE, Oasis respectfully requests that this Court enter judgment against AT&T as follows:

   a)   awarding Oasis the relief prayed for in Oasis' Complaint;

   b)   denying AT&T the relief sought in its Counterclaims;

   c)   declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Oasis the attorney fees, costs, and expenses it incurs in this action; and

d) awarding Oasis such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

OASIS hereby demands trial by jury on all claims and issues so triable.

DATED: November 23, 2010

Respectfully submitted,

By: */s/ Tamir Packin*
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Lead Attorney
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
123 North Crockett Street, Suite 100
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV -5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 23rd day of November, 2010.

*/s/ Tamir Packin*
Tamir Packin