IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Oasis Research, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Adrive LLC, et al.,<br><br>    Defendants. | Civil Action No. 4:10-CV-435-MHS-ALM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO GO DADDY'S SUPPLEMENTAL MEMORANDUM CONCERNING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Go Daddy sought the Court's permission to offer its comments on Judge Davis' recent decision in *Red Hat, Inc. v. Bedrock Computer Techs., LLC*, No. 6:09-CV-549-LED-JDL (E.D. Tex. Mar. 2, 2011). But Go Daddy does not attempt to distinguish the *Bedrock Computer* decision or explain how it is consistent with Go Daddy's articulated position in this case; instead, Go Daddy's simply states that Judge Davis is "incorrect and applies the wrong standard." (D.I. 191 at 2.)

Contrary to Go Daddy's assertion, *Trintec* does not provide the correct standard for analyzing the personal jurisdiction issue in this case. Instead, the Federal Circuit in *Trintec* addressed the question of personal jurisdiction under a provision of the District of Columbia's long-arm statute that requires "that [defendant] caused [plaintiff] tortious injury in the District by its conduct outside the District and that [defendant] 'regularly does or solicits business' in the District, '***engages in any other persistent course of conduct***' there, or 'derives substantial revenue' from goods used or serves rendered there." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc*., 395 F.3d 1275, 1280-81 (Fed. Cir. 2005) (quoting D.C. Code § 13-423(a) (2004))

(emphasis added).  Applying the District of Columbia's long-arm statute, the court noted that, "the ability of District residents to access the defendants' websites . . . does not by itself show any *persistent course of conduct* by the defendants in the District." *Trintec*, 395 F.3d at 1281 (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000)) (emphasis added). [1]  That inquiry is irrelevant in this District, where the long-arm statute extends as far as the federal constitutional requirements of due process will allow.  *Bedrock Computer*, slip op. at 3.  Under the correct standard, applying the Texas long-arm statute, specific jurisdiction is proper "even if those contacts are 'isolated and sporadic.'" *Id.* at 3-4 (quoting *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)).  As discussed in Oasis' briefing on this issue, many Courts in this District—applying the correct standard—have found that contacts comparable to Go Daddy's (including its interactive website) are sufficient to establish personal jurisdiction.  Simply put, Judge Davis' decision in *Bedrock Computer* is correct and is consistent with Federal Circuit precedent and a long line of cases in this District and other courts.

---

[1] Go Daddy accuses Judge Davis of "taking the language of the Federal Circuit out of context," but it is Go Daddy, not Judge Davis, who takes language out of context. (D.I. 191 at 2.) *Trintec* provides:

> Some cases have suggested that the availability and use of a highly interactive, transaction-oriented website (as opposed to an 'essentially passive' website) by itself may support long-arm jurisdiction wherever the site is available to potential customers for the purpose of doing business.  Although Trintec has shown that Pedre's websites contain some interactive features aimed at transacting business, *it is unclear how frequently those features are utilized or, indeed, whether any District residents have ever actually used Pedre's website to transact business.*
>
> *Other cases have indicated that something additional beyond a website is required to establish personal jurisdiction.  We need not decide that question here. . . .*

395 F.3d at 1281 (internal citations omitted) (emphasis added).

For the foregoing reasons, and the reasons set forth in Oasis' briefing, Go Daddy's motion should be denied.

DATED:   April 28, 2011

Respectfully submitted,

By: */s/ Tamir Packin*
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
123 N. Travis, Suite 205
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 28th day of April, 2011.

                                                  */s/ Tamir Packin*
                                                  Tamir Packin