# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| v. | § | Case No. 4:10-CV-435 |
| | § | Judge Schneider/Judge Mazzant |
| ADRIVE, LLC, ET. AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the following motions: (1) Defendant GoDaddy.com, Inc.'s Motion for Transfer of Venue to the District of Arizona, or in the Alternative, for Dismissal of Claims Against Go Daddy for Lack of Jurisdiction and Improper Venue[1] (Dkt. #104); (2) Go Daddy's Motion to Dismiss for Misjoinder (Dkt. #138); (3) Defendant Pro Softnet Corporation's Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or in the Alternative to Dismiss (Dkt. #106); (4) EMC Corp., Decho Corp., and Iomega Corp.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Utah (Dkt. #108); (5) Iron Mountain Incorporated and Iron Mountain Information Management Inc.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt. #116); (6) Defendant Carbonite Inc.'s Motion to Sever the Claims Against Carbonite for Misjoinder and Transfer Those Claims to the United States District Court for the District of Massachusetts (Dkt. #124); (7) Defendant Nirvanix, Inc.'s Motion to

---

[1] The Court does not address Defendant GoDaddy.com's jurisdiction and improper venue argument in this opinion. However, the Court will address the motion to transfer venue as Defendant GoDaddy.com relies upon arguments contained in this motion in support of its misjoinder argument. The Court will address the jurisdiction and improper venue argument in a separate opinion.

Dismiss for Misjoinder and Improper Venue, or in the Alternative, Motion to Transfer[2] (Dkt. #175). Having considered the relevant pleadings and argument of counsel at the April 18, 2011 hearing, the Court recommends the motions be denied.

## I. BACKGROUND

In its Complaint, Plaintiff Oasis Research, LLC ("Oasis") accuses eighteen defendants of infringing U.S. Patent No. 5,771,354, U.S. Patent No. 5,901,228, U.S. Patent No. 6,411,943, and U.S. Patent No. 7,080,051. *See* Complaint (Dkt. #1) at 6-7. According to Plaintiff, the alleged infringement in this case "is limited to online backup/storage services." Response (Dkt. #133). Subsequently, several of the Defendants filed motions to sever themselves from the action and to transfer venue.

## II. ANALYSIS

Generally, Defendants request severance under Federal Rule of Civil Procedure 21 because Plaintiff improperly joined the Defendants in this case. Defendants contend that because Plaintiff contends that each Defendant separately and independently infringed Plaintiff's patents, Plaintiff has not shown that the allegedly infringing systems arise from "the same transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 20(a)(2)(A). Defendants then ask the Court, pursuant to 28 U.S.C. § 1404(a), to transfer venue to several varying districts "for the convenience of the parties and witnesses and in the interests of justice."

**A. Joinder and Motions to Sever**

"On motion or on its own, the court may at any time, on just terms, add or drop a party."

---

[2] The Court does not address Defendant Nirvanix Inc.'s improper venue argument. The Court will address the improper venue argument in another opinion.

Fed. R. Civ. P. 21.  "[A] trial court has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).  Courts in the Fifth Circuit look to Rule 20 to determine if parties have been misjoined and should thus be severed under Rule 21.  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).  Rule 20(a)(2) states:

> Persons...may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Courts have described Rule 20 as creating a two-prong test, allowing joinder of the defendants when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact linking all the claims.  *See Acevedo*, 600 F.3d at 521.  "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness of the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

*1) Same Transaction or Occurrence*

Generally, the Defendants argue that they are improperly joined in this action because the sale of allegedly infringing products by unrelated companies does not satisfy the "same transaction or occurrence" requirement.  Defendants urge the Court to adopt a standard stating, "the fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiff[ ] is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *See* Pro Softnet Motion (Dkt. #106) at 5 (citing various cases outside this district for this proposition or similar).  Defendants argue that proof

of infringement against each Defendant will require proof of facts specific to each individual Defendant and to each accused product, which will lead to differing damages issues, willfulness issues, time frames, accused conduct, and discovery issues. Each moving Defendant argues that its products and methods accused of infringement are dramatically different from the other Defendants' accused products and methods and there is no alleged or actual connection between the Defendants' products.

The Court disagrees with Defendants and finds that Defendants' alleged acts of infringement do arise out of the same transaction or occurrence. Here, each Defendant offers an online backup/storage service to its customers that allegedly infringes Plaintiff's patents. The similarity of Defendants' products is sufficient to satisfy the same transaction or occurrence prong. Courts in this District have consistently held that as long as the Defendants' allegedly infringing products are not dramatically different, then determining Defendants' liability will involve substantially overlapping questions of law and fact. *See Eolas Tech., Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 3835762, at *2 (E.D. Tex. Sept. 28, 2010) (holding "adjudicating infringement will require construing the claims and evaluating the patents' innovation over the prior art...will involve substantially overlapping questions of law and fact"); *Adrain v. Genetec, Inc.*, No. 2:08-CV-423, 2009 WL 30633414, at *2 (E.D. Tex. Sept. 22, 2009) ("license plate recognition system[s]" sold by unrelated defendants were sufficiently similar to be of the same transaction or occurrence); *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex. 2004) ("severance could be appropriate if the defendants' methods or products were dramatically different"). Here, Defendants' products offer the same service, online backup/storage, and the Court finds this is sufficient to satisfy the first prong under Rule 20.

Recently, the Federal Circuit, in an unpublished order on a writ of mandamus, upheld this District's decision in *Eolas Tech., Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 3835762, at *2 (E.D. Tex. Sept. 28, 2010), on exactly the argument presented by Defendants. *In re Google, Inc.*, Misc. No. 968, 2011 WL 772875, at *2 (Fed. Cir. March 4, 2011). In *Eolas Tech*, the plaintiff accused twenty-three unrelated defendants of infringing two different patents, and the Court held joinder was proper, stating "[a]ll defendants are accused of infringing the patents in suit, and adjudicating infringement will require construing the claims and evaluating the patents' innovation over the prior art. Thus, determining defendants' liability will involve substantially overlapping questions of law and fact." *Eolas Tech*, 2010 WL 3835762 at *2. The Federal Circuit upheld the decision of the Court not to sever the claims, pointing out that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective." *In re Google, Inc.*, 2011 WL 772875 at *2. "Further, the district court noted that, in this case, 'adjudicating infringement...will involve substantially overlapping question of law or fact.'" *Id*. Therefore, the Court sees no reason to treat the present case any different than the joinder issue addressed in *Eolas Tech*.

The Court is also not convinced by Defendants' argument that its recent decision in a false patent marking case is inconsistent with its decision here. In *Tompkins v. Able Planet, Inc.*, No. 6:10-CV-58, (E.D. Tex. Feb. 17, 2011) (Dkt. #136), the Court found that the plaintiff did not establish that its claims against the defendants arose from the same transaction or occurrence and exercised its discretion and granted severance in the interest of judicial economy. Unlike the present case, *Tompkins* concerned unrelated products that were manufactured, sold or advertised by unrelated defendants. The allegedly unpatented products included headphones, punching bags,

5

flashlights, tents, espresso machines, and baby bottles. Here, all Defendants are accused of marketing online backup/storage services or devices. In the opinion of the Court, such similarity of products is sufficient to satisfy the same transaction or occurrence prong of Rule 20 and is consistent with the prior rulings of this District.

The Court also finds that Plaintiff has shown there is at least one common question of law or fact linking all the claims in satisfaction of the second prong of the test under Rule 20. Claim validity, claim construction, and the scope of the four patents listed above are questions common to all Defendants in this case. *See Innovative Global Systems LLC v. Turnpike Global Tech. LLC*, No. 6:09-CV-157, 2009 WL 3754886, at *2 (E.D. Tex. Oct. 20, 2009) ("significant overlap among the issues of claim validity, claim construction, and claim scope"); *Adrain*, 2009 WL 3063414 at *2 ("validity and scope of the [ ] patent is a question common to all of the defendants"); *MyMail*, 223 F.R.D. at 456 (scope of patent a question of law or fact common to all defendants). Therefore, the second prong has been satisfied, and the Court concludes that Plaintiff properly joined the Defendants in this case.

The Court also declines to exercise its discretion under Rule 21 and sever the properly joined Defendants. *See* Fed. R. Civ. P. 21. The results of granting Defendants' motions to sever and transfer would be the division of a single action into seven different lawsuits scattered across the country.[3] "[T]he existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication." *Adrain*, 2009 WL 3063414 at *7. "Besides being a duplicative use of scarce judicial resources, [multiple] claim constructions risk

---

[3] Defendants request transfer to the following district courts: District of Arizona, Central District of California, Southern District of California, District of Utah, District of Massachusetts (2 Defendants, separate cases requested). Seven Defendants have not joined the motions discussed here and would remain in this District.

inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice." *MyMail*, 223 F.R.D. at 458 (citations omitted).  Therefore, the Court finds it would not be just to sever the claims.

Based upon the foregoing, the Court finds that the Defendants were properly joined and declines to sever the claims.

**B.  Motions to Transfer Venue for the Convenience of the Parties**

A district court may transfer any civil case "for the convenience of parties and witnesses, in the interest of justice...to another other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party seeking transfer of venue must show good cause for the transfer.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re TS Tech USA Corp*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).  The moving party must show that transfer is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.  Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred.  *Volkswagen II*, 545 F.3d at 315 n. 10.

When deciding whether to transfer venue, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice.  *Volkswagen II*, 545 F.3d at 315; *TS Tech*, 551 at 1319.  The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315.  The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law

that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

In addressing whether transfer is appropriate in this case, the Court must look to two recent appellate decisions. *Volkswagen II* involved a products liability claim in connection with an automobile accident in Dallas, Texas. *Id.* at 307. On rehearing en banc, the Fifth Circuit granted a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas. *Id*. The Fifth Circuit found that the trial court erred by giving inordinate weight to the plaintiff's choice of venue and by not giving appropriate weight to other factors. *Id*. at 318.

*Volkswagen II* clarified the application of a number of the venue transfer factors. The Fifth Circuit held that despite technological advances that made the physical location of documents less significant, the location of sources of proof remains a meaningful factor in the transfer analysis. *Id*. at 316. The Court also clarified that when the proposed transferee venue enjoys absolute subpoena power over witnesses, and the original forum does not, that factor weighs in favor of transfer. *Id*. With regard to the third private interest factor, the Court instructed that "when the distance between an existing venue for trial of a matter and a proposed venue...is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 317. Finally, the Fifth Circuit stated that where all the relevant events occurred in the transferee district and the only connection to the original district was that products of the same type were sold there, the transferee district's localized interest in seeing the case decided there significantly favors transfer. *Id*.

In *TS Tech*, The Federal Circuit, relying on *Volkswagen II*, granted a writ of mandamus

requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio. *TS Tech*, 551 F.3d at 1322-23. The Federal Circuit found that the trial court erred by (1) giving too much weight to the plaintiff's choice of forum; (2) failing to recognize the cost of attendance of witnesses; (3) failing to recognize the ease of access to sources of proof; and (4) disregarding Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. *Id*.

In *TS Tech*, the Federal Circuit found that the mere sale of allegedly infringing products in the original forum did not give that venue a "substantial interest" in having the case decided locally. *Id.* at 1321. The Federal Circuit noted that because the sale of infringing products in the forum "could apply virtually to any judicial district or division in the United States," to rely on that as a basis to find that the district had a localized interest in the controversy "stretches logic." *Id*.

None of the parties dispute that individual cases could have been brought in the respective transferee districts requested by each Defendant. However, after denying the motions to sever, it is clear Defendants' motions to transfer venue should also be denied. Defendants motions to transfer are contingent upon the Court finding severance to be warranted, and do not argue for a transfer of the entire case if the Court does not find severance is warranted.[4] There is no proof offered, such as affidavits or declarations, concerning the location of witnesses, documents, and other relevant information for the other Defendants in this lawsuit that did not join in the transfer motions. Therefore, Defendants have not shown proof that the transferee districts would be "clearly more convenient" than the Eastern District of Texas, and the Court recommends the motions to transfer

---

[4] The Court notes that Defendant GoDaddy.com filed separate motions for transfer and misjoinder that do not state they are contingent upon one another. However, the Court treats them as contingent as the transfer motion only addresses the convenience factors with regard to Plaintiff and Defendant GoDaddy.com. The transfer motion does not argue for transfer of the case against all Defendants to be transferred.

venue be denied.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends the following motions be **DENIED**:

- Defendant GoDaddy.com, Inc.'s Motion for Transfer of Venue to the District of Arizona, or in the Alternative, for Dismissal of Claims Against Go Daddy for Lack of Jurisdiction and Improper Venue[5] (Dkt. #104)

- Go Daddy's Motion to Dismiss for Misjoinder (Dkt. #138)

- Defendant Pro Softnet Corporation's Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or in the Alternative to Dismiss (Dkt. #106)

- EMC Corp., Decho Corp., and Iomega Corp.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Utah (Dkt. #108)

- Iron Mountain Incorporated and Iron Mountain Information Management Inc.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt. #116)

- Defendant Carbonite Inc.'s Motion to Sever the Claims Against Carbonite for Misjoinder and Transfer Those Claims to the United States District Court for the District of Massachusetts (Dkt. #124)

---

[5] The Court does not address Defendant GoDaddy.com's jurisdiction and improper venue argument in this opinion. This recommendation is only in regard to Defendant GoDaddy.com's motion to transfer venue as it relates to its arguments contained in its misjoinder argument. The Court will address the jurisdiction and improper venue argument in a separate opinion.

- Defendant Nirvanix, Inc.'s Motion to Dismiss for Misjoinder and Improper Venue, or in the Alternative, Motion to Transfer[6] (Dkt. #175)

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of May, 2011.**

---
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court will address Defendant Nirvanix Inc.'s improper venue argument in another opinion.