IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Oasis Research, LLC,**<br><br>     Plaintiff,<br><br>v.<br><br>**AT&T Corp.,** *et al.***,**<br><br>     Defendants. | Civil Action No. 4:10cv435-MHS-ALM<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO COMPEL NON-INFRINGEMENT CONTENTIONS FROM DEFENDANTS

**I. Introduction**

Oasis hereby moves to compel Defendants to provide substantive responses to Interrogatory No. 2, and provide all factual and legal bases for their contentions that they do not infringe the patents-in-suit.[1] Defendants object to providing their non-infringement contentions, arguing that such disclosures are premature before *Markman*, and inappropriate in light of the Local Patent Rules and expert discovery schedule of this Court. Defendants' position has been repeatedly rejected by courts in this District and should once again be rejected. Defendants should be compelled to respond.

**II. Factual Background**

Without any basis, and in violation of the well-established law in this District, Defendants refuse to provide full interrogatory responses after having ample time to do

---

[1] Interrogatory No. 2 requests "all factual and legal bases for each of Defendants' counterclaims and affirmative defenses in this action (excluding invalidity defenses, which are governed by the Court's local patent rules)." (*See* Ex. A, Oasis' First Set Of Interrogatories To Defendants, served April 6, 2011.)  To the extent Defendants have not provided all of their factual and legal support for their other counterclaims and affirmative defenses, they should be compelled to do so as well.

so. Despite the passage of over four months since service, and over ten weeks since Oasis provided its P.R. 3-1 disclosures, Oasis has yet to receive a substantive response to Interrogatory No. 2.[2] Instead, Oasis has received virtually the same boilerplate objections from all Defendants: that disclosure of non-infringement contentions is premature in the absence of a claim construction order and expert reports.[3] Defendants all assert non-infringement as a defense to Oasis' claims, and many also assert counterclaims for a declaratory judgment of non-infringement (*see, e.g.*, D.I. 58, Officeware's Answer and Counterclaims; D.I. 83, AT&T's Answer and Counterclaims; D.I. 81, Iron Mountain's Answer and Counterclaims; D.I. 82, Pro Softnet's Answer; D.I. 251, Nirvanix's First Am. Answer and Counterclaims; D.I. 256, Go Daddy's Answer).[4] Oasis is entitled to the bases for those claims and defenses.

### III. Argument

Courts in this District have repeatedly compelled the production of non-infringement contentions. *See, e.g., Performance Pricing, Inc. v. Google Inc.,* No. 2:07-cv-00432-RRR, slip op. at 2 (E.D. Tex. May 27, 2009) (attached as Ex. J); *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-cv-111, slip op. at 3 (E.D. Tex. June 1, 2010) (attached as Ex. K) (compelling the defendants to produce their non-infringement contentions and rejecting their argument that such responses would be premature) (citing *Fellowes, Inc. v. Aurora Corp. of Am.*, No. 07C7237,

---

[2] Oasis raised the sufficiency of Defendants' interrogatory responses after serving its infringement contentions, and has given Defendants ample opportunity to respond, most recently proposing that Defendants supplement their responses by August 5, 2011. Any burden imposed on Defendants in answering Oasis' interrogatory is a result of Defendants' delay tactics rather than Oasis' unwillingness to accommodate Defendants and provide sufficient time to answer.

[3] *See* Ex. B, AT&T's Resp's and Objections to Oasis' Interrogatories No. 1-3, Ex. C, EMC's Resp's and Objections to Oasis' First Set of Interrog's, dated May 6, 2011; Ex. D, Carbonite's Resp's and Objections to Oasis' First Set of Interrog's, dated May 9, 2011; Ex. E, Iron Mountain's Resp's and Objections to Oasis' First Set of Interrog's, dated May 20, 2011; Ex. F., Pro SoftNet's Resp's and Objections to Oasis' First Set of Interrog's, dated May 20, 2011; Ex. G, Nirvanix's Resp's and Objections to Oasis' First Set of Interrog's, dated May 20, 2011; Ex. H, GoDaddy's Resp's and Objections to Oasis' First Set of Interrog's, dated May 20, 2011; and Ex. I, OfficeWare's Resp's and Objections to Oasis' First Set of Interrog's, dated May 20, 2011.

[4] EMC and Carbonite have not yet filed an Answer to Oasis' Complaint, and are technically in default. For the purposes of this motion, Oasis assumes that EMC and Carbonite contest infringement; to the extent they do not contest infringement, summary judgment of infringement should be granted in favor of Oasis.

2009 WL 1097063, at *2 (N.D. Ill. Apr. 1, 2009)); *Beneficial Innovations, Inc. v. AOL, LLC*, No. 2:07-cv-555-TJW-CE, slip op. at 2 (E.D. Tex. May 26) (attached as Ex. L) ("Within ten days of this order, Google must provide Beneficial with full and complete answers to Beneficial's interrogatories seeking Google's non-infringement contentions.").[5]

It is Defendants' objection—not Oasis' discovery request—that flies in the face of the Local Patent Rules and the law in this District. Patent Rule 2-5 provides that "it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory . . .) that the discovery request . . . is premature in light of, or otherwise conflicts with, these Patent Rules." P. R. 2-5. While Patent Rule 2-5 contains an exception that allows for objections to several specifically enumerated requests, non-infringement contentions do not fall within that exception. *See* P. R. 2-5; *Performance Pricing*, slip op. at 2 ("Patent Rule 2-5 provides that 'it shall not be a legitimate ground for objecting to an opposing party's discovery request . . . that the discovery request . . . is premature in light of, or otherwise conflicts with, these Patent Rules.' PATENT RULE 2-5. Rule 2-5 then outlines four specific categories of requests that may be objected to. PATENT RULE 2-5(a)—(d). However, none of these categories includes a request for an accused infringer's non-infringement contentions."). Moreover, once the parties have exchanged their respective infringement and non-infringement contentions, they will be able to hone in on the real areas of dispute and streamline the case for *Markman*.

---

[5]*See also Elan Pharma Int'l Ltd. v. Alcon Labs., Inc.*, No. 4:09-cv-32, slip op. at 1-2 (E.D. Tex. Feb. 17, 2010) (attached as Ex. M) (compelling defendants to supplement their responses and provide factual bases for their non-infringement contentions, where defendants had initially refused to do so, arguing such disclosure would be premature); *Tyco Healthcare Group LP v. E-Z-EM, Inc.*, No. 2:07-cv-262 (TJW), slip op. at 3 (E.D. Tex. July 22, 2009) (attached as Ex. N) (compelling defendant to provide full and complete responses to plaintiff's Interrogatory No. 3 relating to non-infringement contentions, where defendant had initially listed every limitation of each asserted claim and stated in conclusory fashion that its products did not infringe literally or under doctrine of equivalents).

**IV.     Conclusion**

For the above reasons, Oasis moves the Court to compel Defendants to provide full responses to Interrogatory No. 2.


DATED:   August 16, 2011                              Respectfully submitted,

By: */s/ Alan S. Kellman*
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*


James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
320 North Travis Street, Suite 205
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

## CERTIFICATE OF CONFERENCE PURSUANT TO
## LOCAL RULES CV-7(h) and (i)

I hereby certify that on August 15, 2011 in compliance with L.R. CV-7(h), the undersigned counsel and counsel for Defendants met and conferred concerning the basis for this motion.  The following counsel attended the August 15, 2011 telephone conference:  Alan S. Kellman, James C. Tidwell, Tamir Packin, Dmitriy Kheyfits, Theodore G. Baroody, Philip B. Philbin, Andy Tindel, Kevin Littman, I. Neel Chatterjee, Eric Findlay, Teri H.P. Nguyen, Andrea L. Stone, Greg H. Parker, Thomas G. Jacks, and Ketan S. Vakil.  Counsel are not able to resolve this dispute without the assistance of the Court.  The basis for the disagreement is that counsel for Defendants refuse to provide a substantive answer to Interrogatory No. 2.

Dated:   August 16, 2011

*/s/ Alan S. Kellman*
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
Dmitriy Kheyfits *(admitted pro hac vice)*
dkheyfits@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

*/s/ James C. Tidwell*

James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
320 N. Travis, Suite 205
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of August, 2011.

*/s/ Alan S. Kellman*