IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Oasis Research, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADRIVE LLC, ET AL., <br><br> Defendants. | Civil Action No. 4:10cv435-MHS-ALM <br><br> JURY TRIAL DEMANDED |

**OASIS' OPPOSITION TO DEFENDANTS' AMENDED MOTION TO LIMIT NUMBER OF ASSERTED PATENT CLAIMS**

**I.     Introduction.**

Defendants' premature request to limit the number of asserted claims will delay, rather than hasten, resolution of this matter. Both Oasis and Defendants should be striving to narrow contested issues and present to this Court (and eventually a jury) only those issues that are truly in dispute. To that end, almost three months ago Oasis identified a subset of claims that Defendants infringe and explained the bases for its contentions. But Defendants refuse to explain why they believe Oasis' contentions are wrong. Without that information, without Defendants' full document productions, and before the claim construction process has meaningfully begun, Oasis has no way of knowing where the real disputes lie and which patent claims will highlight those disputes. Accordingly, Oasis simply requests an opportunity for discovery of Defendants' contentions and the factual bases for them. Once Defendants put their cards on the table, Oasis will voluntarily reduce the number of asserted claims without the need

1

for the Court's involvement. And once the litigation has progressed sufficiently to identify all remaining legal and factual disputes, Oasis will again streamline its case for trial.

Defendants' proposal, which arbitrarily limits the number of asserted claims, is sure to introduce unnecessary inefficiencies. Indeed, without first identifying the real disputed issues, it is easy to see that the parties will be back before the Court as trial approaches, arguing over which claims should be added back to this case. And the necessary reopening of discovery will only serve to delay and increase the cost of litigation.

Moreover, and contrary to Defendants' suggestion, there is no requirement to limit the number of asserted claims. The Federal Circuit takes a permissive rather than prescriptive approach to claim limitation, recognizing the need both to protect a plaintiff's property rights and to conserve judicial resources. At this stage of the litigation, limiting the number of asserted claims will likely result in an uninformed initial claim selection, followed by discovery, followed by a request to add claims back into the litigation. Nothing cited by Defendants suggests, much less requires, such an inefficient process.

Because Defendants' request to limit the number of claim terms is premature, their motion should be denied without prejudice to revisiting the issue as claim construction and discovery proceed.

## II. Argument

### A. Defendants' Request Is Premature.

This case is at an early stage. No claims have been construed. Oasis has not yet had the opportunity to fully analyze the thousands of pages in Defendants' invalidity contentions. Defendants have not responded to Oasis' interrogatories seeking the bases for their non-infringement defenses and counterclaims. And only a single deposition has been taken.

Limiting the claims at issue at this stage is premature, because the case has not progressed enough to allow Oasis to evaluate its claims in the context of Defendants' defenses and the Court's claim constructions. Simply put, Oasis is not yet in a position to assess the claims differently than it did at the outset of the case.[1]

Contrary to Defendants' suggestions, courts—in this District and elsewhere—have rejected premature attempts to limit the number of asserted claims. For example, in *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2010 WL 1292710 (D. Kan. Mar. 29, 2010) (attached hereto as Exhibit A), the plaintiff originally asserted 178 patent claims, but later narrowed its assertions to 125 claims. *Id.* at *1. Although the defendants complained that construing "potentially thousands of terms contained in the 125 patent claims" was "unmanageable, and a waste of resources," *id.* at *2, the court refused to limit the plaintiff's claims because "the discovery cut-off [was] not imminent, and it would be premature to limit the number of claims plaintiff may assert . . . ." *Id.* at *3.

Similarly, in *Realtime Data, LLC d/b/a IXO v. Packeteer, Inc.*, No. 6:08-cv-00144-LED-JDL, slip op. (E.D. Tex. Mar. 16, 2009) (attached hereto as Exhibit B), the court refused the defendant's request to limit the number of patent claims to twenty-one because doing so "long before discovery has closed—will result in prejudice to Plaintiff." *Id.* at 6. The court stated that it could later limit the number of asserted claims, *if necessary*, to avoid a trial on over one hundred asserted claims. *Id*. at 7.

Further, in *Fractus, SA v. Samsung Elec. Co., LTD.*, No. 6:09-cv-00203-LED-JDL, slip

---

[1] Oasis has already demonstrated its willingness to limit the number of asserted claims by restricting its assertions to about 35-40% of the 271 claims in the patents-in-suit, even though many of the unasserted claims are also infringed by Defendants. The number of claims Oasis asserts is both reasonable and necessary, given the stage of the litigation.

op. (E.D. Tex. Mar. 8, 2010) (attached hereto as Exhibit C), the court refused to order a plaintiff to limit the number of asserted claims. *Id.* at 3. Notwithstanding its recognition of the burdens associated with proceeding on a large number of claims from discovery through trial, the court reasoned that it was too early "to arbitrarily limit the number of asserted claims" because "[t]he Court has not construed the claims and discovery may proceed for several more months. The risk of prejudice to Plaintiff is not adequately offset by increases in efficiency and manageability." *Id*. The court recognized that the number of claims would have to be "streamlined before submission of dispositive motions or presentation to the jury." *Id.*

Moreover, in the very case on which Defendants rely, the Federal Circuit acknowledged the danger of requiring a limit on the number of asserted claims too early in the litigation. *See In re Katz Interactive Call Processing Litigation,* 639 F.3d 1303, 1313, n. 9 (Fed. Cir. 2011) ("It is also conceivable that a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses. Katz makes no such argument in this appeal."). Here, Defendants seek to gain the unfair advantage highlighted by the Federal Circuit. They seek to deny Oasis the opportunity to make an informed selection of claims to present to the jury.

In *Minerva Indus., Inc. v. Motorola, Inc.*, No. 2:07-CV-229-CE, slip op. (E.D. Tex. Jul. 30, 2009)—another case cited by Defendants—the order limiting claims issued *almost a month after the close of claim construction discovery*. Slip op. at 2 ("the deadline for discovery concerning claims construction issues was July 1, 2009."). And in *Minerva*, the Court limited the number of asserted claims to 40 claims across two patents, not 20 claims across four patents, as Defendants request. *Id.* It is too early in the case to know whether application of *Minerva*'s

limit—an average of 20 claims per patent, one month after the close of claim construction—is appropriate.[2] The issue is premature.

It is not in Oasis' interest to present 80-100 claims to a jury, and Oasis does not plan to do so. Indeed, Oasis has already offered to streamline the case for trial as discovery progresses. Rather than imposing arbitrary—and unfair—limitations on Oasis, the Court should permit Oasis to make an informed selection based on discovery and Defendants' defenses.

### B.     Arbitrarily Limiting The Number of Asserted Claims Creates Judicial Inefficiency.

Contrary to Defendants' suggestions, granting their motion at this early stage would not increase the efficiency of this litigation. Claim construction will involve roughly the same number of disputed terms whether all of Oasis' asserted claims are at issue or 20 are at issue. Indeed, 76 of Defendants' 106 proposed terms for construction come from only 6 independent claims. Thus, even if only 20 claims were at issue, most of Defendants' proposed terms would

---

[2] The Federal Circuit's unpublished decision in *Stamps.com, Inc. v. Endicia, Inc.*, 2011 WL 2417044 (Fed. Cir. Jun. 15, 2011) also is unhelpful here. The district court's scheduling order in *Stamps.com* demonstrates that the district court limited the number of asserted claims well into discovery as the expert report deadline was approaching. The district court issued its order in March 2008. *Stamps.com, Inc. v. Endicia, Inc.*, No. 2:06-cv-07499-ODW-CT (C.D. Cal. Mar. 17, 2008) (attached as Ex. D). The operative schedule at the time of the court's claim limitation order called for opening expert reports to be served and fact discovery to be closed in April 2008, approximately one month after the claim limitation order. *Stamps.com, Inc. v. Endicia, Inc.*, No. 2:06-cv-07499-ODW-CT (C.D. Cal. Feb. 11, 2008) (attached as Ex. E). Defendants' argument that the district court limited the claims prior to claim construction is misleading, because under that court's schedule the *Markman* process only began ***after the close*** of both fact and expert discovery. *See* Ex. D ("The parties are to provide notice to the Court of a proposed Markman Hearing date once expert discovery has been completed."). Applying *Stamps.com*'s limitation—which was likely tailored to the specific factual issues in that case—to the schedule here would dictate claim limitations sometime in February 2012, toward the end of fact discovery.

still be in play.[3] It is Defendants' selection of claim terms—not the number of claims that Defendants infringe—that is creating inefficiency and delay.[4]

Similarly, limiting claims will not likely limit the scope of document exchange, change the number of fact depositions, or obviate the need for experts. If anything, limiting claims now will only prolong resolution of this dispute.

If Oasis is forced to limit its claims at this stage—when Defendants have not complied with their discovery obligations and the Court has not yet construed disputed claims—the case may proceed on claims that are not the best suited for trial, or for which a jury trial would not resolve all issues between the parties. This would only defer issues, prolong the litigation, guarantee more work and expense for both parties, and ultimately increase the burden on the Court.

Indeed, to comport with due process, any limit on the number of asserted claims must be subject to Oasis' ability to later revive dropped claims upon a showing of good cause. *See Stamps.com, Inc. v. Endicia, Inc.*, 2011 WL 2417044, at *3 (Fed. Cir. Jun. 15, 2011) ("limiting a plaintiff patentee to sixty-four claims from a large number of asserted claims was permissible if the district court left open the door for the assertion of additional claims on a showing of need"). Rather than risk later addition of claims due to an uninformed, premature selection of claims, the Court should allow Oasis to explore Defendants' invalidity, non-infringement, and claim construction positions before streamlining its case for trial. That process—rather than the one Defendants request—will yield the most efficient resolution of this case on the merits.

---

[3] Oasis proposed 8 terms for construction that are found in over 50 of the asserted claims.
[4] If the Court were to limit the parties to no more than 10 terms for claim construction, that would do far more to increase judicial efficiency, because it would require Defendants to limit their selection of terms to those that arguably actually require construction.

**III.     Conclusion**

For the foregoing reasons, Oasis respectfully requests that the Court deny Defendants' Motion to Limit the Number of Asserted Claims.

Dated:   August 30, 2011

/s/ Tamir Packin
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
Dmitriy Kheyfits *(admitted pro hac vice)*
dkheyfits@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*


James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
320 N. Travis, Suite 205
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 30th day of August, 2011.

*/s/ Tamir Packin*