# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| | § | Case No. 4:10-CV-00435 |
| v. | § | Judge Schneider/Judge Mazzant |
| | § | |
| | § | |
| ADRIVE, LLC, ET. AL. | § | |

## ORDER

Pending before the Court are Plaintiff's Motion to Compel Non-Infringement Contentions from Defendants (Dkt. #269) and Defendants' Amended Motion to Limit Number of Asserted Patent Claims (Dkt. #272). Having considered the relevant pleadings, the responses thereto, and oral arguments by the parties, the Court finds that both motions should be granted.

## BACKGROUND

Plaintiff asserts violations of four (4) patents, United States Patent Numbers 5,771,354, 5,901,228, 6,411,943, and 7,080,051, against various products specific to each Defendant. PL.'S AMEND. COMPL. ¶ 10. On August 16, 2011, Plaintiff filed a Motion to Compel Non-Infringement Contentions from Defendants (Dkt. #269). Plaintiff alleges, "Defendants refuse to provide full interrogatory responses after having ample time to do so." MOTION TO COMPEL, at 1-2. On August 30, 2011, Defendants filed their Response to the motion (Dkt. #288).

On August 18, 2011, Defendants filed their joint Motion to Limit the Number of Asserted Patent Claims (Dkt. #272). Defendants contend that Plaintiff has "asserted between 88 to 121 claims from the four patents-at-issue against each of the Defendants." MOTION TO LIMIT, at 1. Defendants argue that the large number of claims is unmanageable for claim construction, fact discovery, expert reports, depositions, and trial. *Id*. On August 30, 2011, Plaintiff filed its Response to the motion

(Dkt. #289). On September 8, 2011, the parties appeared by telephone conference before the undersigned, and made oral arguments regarding both motions.

## ANALYSIS

*Motion to Compel Non-Infringement Contentions*

Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense. Fed. R. Civ. P. 26. A party may specifically and timely object to an interrogatory, but otherwise an interrogatory must be answered fully. Fed. R. Civ. P. 33. "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37. Local Patent Rule 2-5 provides that a party may not object to an opposing party's discovery request or decline to provide information otherwise required to be disclosed on the basis that the disclosure is premature in light of the Patent Rules. However, a party may object to responding to some categories of discovery requests on the basis that the requests are premature in light of the timetable provided by the rules. P.R. 2-5. One of those categories includes requests seeking to elicit a party's claim construction position. P.R. 2-5.

Plaintiff argues that it is entitled to substantive responses regarding its Interrogatory No. 2, which reads as follows:

> Identify all factual and legal bases for each of Your counterclaims and affirmative defenses in this action (excluding invalidity defenses, which are governed by the Court's local patent rules).

MOTION TO COMPEL, Exhibit A, at 6. Specifically, Plaintiff requests Defendants provide non-infringement contentions in response to Interrogatory No. 2. Defendants assert that the request prematurely seeks to elicit Defendants' claim construction positions, which will be disclosed over the next few months in accordance with the timetable. Further, Defendants argue that the request

is unduly burdensome and unreasonable given the amount of claims alleged by Plaintiff, and argue the infringement contentions are insufficiently disclosed.

Plaintiff's request is not designed to elicit Defendants' claim construction position, and is attempting to specifically determine Defendants' non-infringement contentions. Therefore, under Patent Rule 2-5, Defendants' objection that Interrogatory No. 2 is premature is an improper objection. Further, Defendants' argument has been rejected by other courts in this district. *See Personal Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, slip op. at 1-4 (E.D. Tex. June 1, 2010). Therefore, the Court finds Plaintiff's Motion to Compel should be granted.

*Motion to Limit Number of Asserted Patent Claims*

The Court may limit the number of Plaintiff's claims prior to claim construction. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311-1312 (Fed. Cir. 2011). "When the claimant is in the best position to narrow the dispute, allocating the production burden to the claimant will benefit the decision-making process and therefore will not offend due process unless the burden allocation unfairly prejudices the claimant's opportunity to present its claim." *Id*. at 1311. Further, courts in the Eastern District of Texas have required plaintiffs to "limit the number of asserted claims in cases for patent infringement when the number of claims is so large as to make the case inefficient and unmanageable." *Realtime Data, LLC v. Packeteer*, No. 6:08-CV-144 (E.D. Tex. March 16, 2009) (citing *Negotiated Data Solutions, LLC v. Dell, Inc*, No. 2:06-CV-528 (E.D. Tex. July 31, 2008) (Everingham, J.) (ordering plaintiff to limit asserted claims to 40 on or before the due date for its opening *Markman* brief); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-CV-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (Folsom, J.) (ordering parties to elect no more than ten claim terms for construction and further ordering plaintiff to select no more than three

representative claims from each asserted patent for claim construction and trial)).

The Court finds that limiting the amount of claims asserted by Plaintiff is appropriate at this time to aid in efficiency and narrowing the claims prior to claim construction. Therefore, the Plaintiff should reduce the number of asserted claims to thirty-one (31) total claims across all four (4) patents-at-issue in this case. Plaintiff may move the Court to add additional claims that present a distinct issue of infringement or invalidity, upon a showing of good cause.

## CONCLUSION

Based on the foregoing, the Court finds the Plaintiff's Motion to Compel Non-Infringement Contentions from Defendants (Dkt. #269) should be GRANTED. Further, the Court finds Defendants' Amended Motion to Limit Number of Asserted Patent Claims (Dkt. #272) should be GRANTED.

Plaintiff is ORDERED to limit the number of patent claims asserted to thirty-one (31) total claims across all four (4) patents-at-issue within seven (7) days following the date of this Order.

Defendants are ORDERED to respond to Interrogatory No. 2 regarding their non-infringement contentions within fourteen (14) days following the date of this Order.

IT IS SO ORDERED.
**SIGNED this 13th day of September, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE