**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **Oasis Research, LLC,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**AT&T Corp.,** *et al.*, )<br>)<br>*Defendants.* )<br>) | Civil Action No. 4:10cv435-MHS-ALM<br><br>**JURY TRIAL DEMANDED** |

**OASIS RESEARCH, LLC'S MOTION FOR CLARIFICATION OF ORDER
GRANTING MOTION FOR PROTECTIVE ORDER (D.I. 315)**

On December 1, 2011, the parties filed a joint motion for entry of a protective order. (D.I. 314.) The parties agreed to all of the provisions of the stipulated protective order, except for the following provision, contained in paragraph 35:

> Neither will any Outside Counsel for Oasis Research, LLC that has reviewed any Defendant's Designated Material prosecute any re-examination of the patents-in-suit ('354 Patent, '228 Patent, '943 Patent, and '051 Patent), or communicate with or otherwise assist reexamination patent counsel or agents with respect to any such re-examinations for the same time period.

Defendants proposed including the above provision and Oasis opposed. In their joint motion for a protective order, the parties set forth their respective positions and requested oral argument on whether the provision should be contained in the protective order. (*See* D.I. 314)[1] As an exhibit to their motion, the parties' submitted a stipulated protective order that contained

---

[1] It is Oasis' position that the contested provision should not be included in the protective order because it is premature given that no requests for reexamination have been filed. Even if the Court were to consider the merits, the provision should be rejected because it creates an undue burden on Oasis that would require Oasis to defend its patents in two separate venues with two teams of attorneys who are not permitted to coordinate their efforts. *See Mirror Worlds, LLC v. Apple, Inc.*, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009); *Document Generation Corp. v. Allscripts, LLC*, 2009 WL 1766096 at *2 (E.D. Tex. June 23, 2009)

the above provision in redline form (so that the Court could either accept or reject the contested provision). (*See* D.I. 314-1, at ¶ 35.) On December 2, 2011, without oral argument or an accompanying opinion, the Court entered the stipulated protective order without accepting or rejecting the contested provision.

Oasis respectfully requests clarification as to the status of the disputed provision in paragraph 35 of the stipulated protective order, and an opportunity to be heard on this issue.

Dated:   December 2, 2011

/s/ *Tamir Packin*
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
Dmitriy Kheyfits *(admitted pro hac vice)*
dkheyfits@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*


James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
320 N. Travis, Suite 205
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the forgoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 2nd day of December, 2011.

Dated: December 2, 2011                            */s/Tamir Packin*
                                                                                              Tamir Packin

## CERTIFICATE OF SERVICE

       I hereby certify that on this 2nd day of December, 2011 in compliance with L.R. CV-7(h), the undersigned counsel attempted to meet and confer with counsel for the defendants concerning the basis for this motion. Counsel for AT&T (Theodore Baroody), counsel for Iron Mountain (Sue Xia), and counsel for Pro Softnet (Fred Berretta) oppose this motion. Counsel for the other defendants have not responded. The basis for the disagreement is that the defendants do not believe clarification is necessary.

Dated: December 2, 2011                            */s/Tamir Packin*
                                                                                              Tamir Packin