**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

OASIS RESEARCH, LLC,

      Plaintiff,

v.

AT&T CORP., ET AL.,

      Defendants.

CIVIL ACTION NO.  4:10-cv-00435-MHS

ORAL HEARING REQUESTED


**<u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF
INDEFINITENESS OF CLAIM 1 OF U.S. PATENT NO. 5,771,354, AND
ITS ASSERTED DEPENDENT CLAIMS</u>**

# TABLE OF CONTENTS

**Page No.**

I.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................1

II.   INTRODUCTION AND STATEMENT OF UNDISPUTED MATERIAL FACTS ..............................................................................................................................1

III.  CLAIM 1 OF THE '354 PATENT IS INDEFINITE AS A MATTER OF LAW ...............................................................................................................................3

    A.    Applicable Legal Standards ...................................................................................3

    B.    The Preamble And Included Structural Elements Make Claim 1 Of The '354 Patent An Apparatus Claim That Improperly Includes Its Method Of Use .......................................................................................................4

    C.    Claim 1 Of The '354 Patent Is Identical In All Material Respects To Other Combined System And Method Claims Determined To Be Indefinite ............................................................................................................6

    D.    Because Claim 1 Of The '354 Patent Is Indefinite, All Of The Claims That Depend From Claim 1 Are Also Invalid ...........................................8

IV.   CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Page No(s).**

*Ariba, Inc. v. Emptoris, Inc.*,
  2008 U.S. Dist. LEXIS 59862 (E.D. Tex., Aug. 7, 2008) .............................................. passim

*Credle v. Bond*,
  25 F.3d 1566 (Fed. Cir. 1994)..............................................................................................3

*Datamize, L.L.C. v. Plumtree Software, Inc.*,
  417 F.3d 1342 (Fed. Cir. 2005)............................................................................................8

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
  430 F.3d 1377 (Fed. Cir. 2005)....................................................................................3, 4, 6

*In re Katz Interactive Call Processing Patent*,
  639 F.3d 1303 (Fed. Cir. 2011)................................................................................... passim

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) ........................................................5

*Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*,
  520 F.3d 1367 (Fed. Cir. 2008)........................................................................................7, 8

## OTHER AUTHORITIES

35 U.S.C. § 112.........................................................................................................1, 3, 4, 8

Fed. R. Civ. P. 56.......................................................................................................................1

MANUAL OF PATENT EXAMINATION PROCEDURE § 2173.05(p)(II)..............................................1, 2

ROBERT C. FARBER, LANDIS ON MECHANICS OF PATENT CLAIM DRAFTING,
  § 2:4, at 2–4; § 3:1, at 3–2 (5th ed. 2008) ..................................................................5

Pursuant to the First Amended Scheduling/Docket Control Order [Doc. 205] in this matter, the Defendants hereby jointly move for partial summary judgment of invalidity of Claim 1 of U.S. Patent No. 5,771,354 ("the '354 Patent") based on indefiniteness under the Patent Act, 35 U.S.C. § 112, second paragraph.

This motion is made under Rule 56 of the Federal Rules of Civil Procedure on the grounds that indefiniteness is a question of law for the Court to decide, there is no genuine dispute as to any material fact, and Defendants are entitled to judgment that Claim 1 of the '354 Patent, as well as its asserted dependent Claims 2, 3, 9, 10, 13, 19, and 24, are indefinite as a matter of law.

## I.  <u>STATEMENT OF ISSUES TO BE DECIDED BY THE COURT</u>

Whether Claim 1 of the '354 Patent is invalid for indefiniteness under 35 U.S.C. § 112, second paragraph, thereby rendering its asserted dependent Claims 2, 3, 9, 10, 13, 19, and 24 also invalid.

## II.  <u>INTRODUCTION AND STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

It is a hornbook rule of patent prosecution that "[a] single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. § 112, second paragraph."  Exhibit A, MANUAL OF PATENT EXAMINATION PROCEDURE ("M.P.E.P."), § 2173.05(p)(II) (explaining that such claims may also be invalid under 35 U.S.C. § 101 for improperly embracing two different statutory classes of invention).

Claim 1 of the '354 Patent, set forth in its entirety directly below, has precisely this problem because it claims both a "computer system" and the method steps of using the system:

1. **An online computer system** providing commercial backup services to remote customer computers over the Internet by **performing the following steps**:

(a) providing at least one remote storage area for use in storing customer backup information;

(b) establishing a first online Internet session with a customer's computer;

(c) allowing the customer to sign up for backup services over the first online Internet session, including the step of establishing a customer identifier and associated password for the customer;

(d) establishing a second online Internet session with the customer's computer;

(e) requesting the customer to input the customer identifier and associated password established by step (c);

(f) validating the customer identifier and password requested by step (e);

(g) conditioned at least in part on validating step (f), **allowing the customer to access the remote storage area** over the second Internet session substantially as if the remote storage area was a backup storage device physically and/or locally attached to the customer's computer, **including the steps of**:

(1) encrypting backup data provided by the customer's computer,

(2) **transmitting the encrypted backup data to the online backup service provider** over the second online Internet session, and

(3) storing the backup data in the remote storage area provided by the online backup service provider.

Exhibit B, '354 Patent (Claim 1), Col. 60:18-48 (emphasis added).

Furthermore, Claim 1 could not be properly characterized as an apparatus claim that merely recites the functional capabilities of the apparatus, because it specifically requires at least one action or step that must be taken by the customer.  Step (g)(2) of Claim 1 calls for the customer to "access the remote storage area over the second Internet session," and further requires the step of "transmitting the encrypted backup data to the online backup service provider."  *Id.*  **These actions must be performed by the customer, using the customer's**

**computer.**  In other words, Claim 1 recites a "system" that must be used at least in part by a customer, thus violating the fundamental rule of claim drafting that prohibits combining an apparatus, and the method steps of using the apparatus, in a single claim.   M.P.E.P., § 2173.05(p)(II).

Thus, there can be no genuine factual dispute on this motion because the only material fact is the language of the claim itself.  Based upon a plain reading of this language, Claim 1 of the '354 Patent indisputably claims a "system" used to perform certain steps, including at least one step that must be performed by the customer.

### III.   CLAIM 1 OF THE '354 PATENT IS INDEFINITE AS A MATTER OF LAW

### A.   Applicable Legal Standards

Unlike many other forms of patent invalidity, indefiniteness is a pure question of law. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005); *Credle v. Bond*, 25 F.3d 1566, 1576 (Fed. Cir. 1994).  Accordingly, the issue of indefiniteness has been made a part of the claim construction process in this case pursuant to the Court's First Amended Scheduling/Docket Control Order [Doc. 205] because, like the claim construction itself, any questions as to the indefiniteness of a claim must be decided by the Court.

This is particularly true in cases where the indefiniteness is caused by the improper combining of a system and a method of using the system in a single claim, because the material "facts" are limited to the claim itself and are immune from genuine dispute.  This type of indefiniteness is therefore routinely decided by the courts on summary judgment or as part of the claim construction process.  *See IPXL Holdings,* 430 F.3d at 1377, 1383-84 (Fed. Cir. 2005) (affirming summary judgment of indefiniteness of mixed system/method claim); *In re Katz Interactive Call Processing Patent*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (same); *Ariba, Inc. v.*

*Emptoris, Inc.*, 2008 U.S. Dist. LEXIS 59862, *20-25 (E.D. Tex., Aug. 7, 2008) (finding a mixed system/method claim indefinite as part of the claim construction process) (attached as Exhibit C).

Invalidity based on indefiniteness arises from Section 112, second paragraph, of the Patent Act which requires that every patent "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, second paragraph. As explained by the Federal Circuit in *IPXL Holdings*, a claim that combines a system with a method of using the system is indefinite because it is unclear whether infringement occurs merely by creating the system that allows the user to practice the method, or whether infringement occurs when the user actually uses the system. *IPXL Holdings*, 430 F.3d at 1384 ("Because [the claim] recites both a system and the method for using that system, it does not apprise a person of ordinary skill in the art of its scope, and it is invalid under section 112, paragraph 2."); *see also Katz Interactive*, 639 F.3d at 1318 ("Katz's claims … create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by 'individual callers.'").

Claim 1 of the '354 Patent suffers from the same infirmity as the combined system and method claims at issue in *IPXL Holdings, Katz Interactive,* and *Ariba,* so is also invalid for indefiniteness.

**B.**   **The Preamble And Included Structural Elements Make Claim 1 Of The '354 Patent An Apparatus Claim That Improperly Includes Its Method Of Use**

Claim 1 of the '354 Patent begins by setting forth in no uncertain terms that it is a "system" claim:

Motion for Summary Judgment
Case no. 10cv00435 MHS (ALM)

> 1. An online computer **system** providing commercial backup services to
> remote customer computers over the Internet by **performing** the following steps:
> …

Exhibit B, '354 Patent (Claim 1), Col. 60:18-48 (emphasis added).  One function of the claim preamble is to identify the statutory class of invention.  "Claims should have 'preambles,' or introductory statements, the purposes of which are to indicate the statutory class of the claim (often by implication from the words in the preamble), and to name or define the thing that is to be claimed."  Exhibit D, ROBERT C. FARBER, LANDIS ON MECHANICS OF PATENT CLAIM DRAFTING ("LANDIS"), § 2:4, at 2–4 (5th ed. 2008).  Claim 1 recites a "computer system," which is a type of "apparatus" claim.  *Id*., LANDIS, § 3:1, at 3–2 ("The word 'apparatus' is used generically to denote various machines and devices, including … computer-related apparatuses …").

The preamble of Claim 1 of the '354 Patent is vastly different from the preambles of the other asserted independent claims in the Oasis patents.  For example, Claim 1 of U.S. Patent No. 5,901,228 recites "A **method** of providing on-line auxiliary storage … the **method comprising** the following steps …"; Claim 1 of U.S. Patent No. 6,411,943 recites "A **method** of providing an offsite backup … the **method comprising** the following steps …", and Claim 9 of U.S. Patent No. 7,080,051 recites "A **method** for online services that includes: …."  Exhibit E (claim excerpts) (emphasis added).  Thus, patent counsel for Oasis clearly understood how to draft a normal method claim, but deliberately chose to draft Claim 1 of the '354 Patent in this different and unorthodox manner using the "**system … performing**" format, rather than the typical "**method … comprising**" format.  His reasons for doing so may never be known, but are, in any event, irrelevant because indefiniteness, like claim construction itself, is a question of law and does not depend on the thoughts or motives of Oasis's patent counsel.  *See Markman v. Westview*

*Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995) (holding that "the testimony of [the inventor] and his patent attorney on the proper construction of the claims is entitled to no deference."), *aff'd*, 517 U.S. 370 (1996).

Claim 1 of the '354 Patent also recites structural limitations in the body of the claim, including a "remote storage area," the "Internet," and a "customer's computer."  Exhibit B, '354 Patent (Claim 1), Col. 60:18-48.  Of course, Claim 1 also includes several method steps, including the step of "transmitting the encrypted backup data to the online backup service provider," which must be performed by the customer using the customer's computer.  *Id*.  This combined form is like the claims found indefinite in *IPXL Holdings*, *Katz Interactive*, and *Ariba*. The structural recitations included amongst the method steps provide necessary elements to the claim, rather than merely state inherent properties of the claim.  *See Ariba*, 2008 U.S. Dist. LEXIS 59862, *23-24, n. 6.  Such a mixing of structure and method steps is improper and yields an indefinite claim.  *See Ariba*, 2008 U.S. Dist. LEXIS 59862, *23–26 (citing *IPXL Holdings*, 430 F.3d at 1384).

## C.     Claim 1 Of The '354 Patent Is Identical In All Material Respects To Other Combined System And Method Claims Determined To Be Indefinite

Like the claims found indefinite in *IPXL Holdings*, *Katz Interactive*, and *Ariba*, Claim 1 of the '354 Patent is indefinite because it is unclear whether infringement occurs merely by creating the system that allows the user to practice the method, or whether infringement occurs when the user actually uses the system.

For example, in *IPXL Holdings* the indefinite claim recited a "system" including an input means, and required the system's user to use the input means.  *IPXL Holdings,* 430 F.3d at 1384 ("Thus, it is unclear whether infringement … occurs when one creates a system that allows the

user to [use the input means], or whether infringement occurs when the user actually uses the input means …").  Likewise, Claim 1 of the '354 Patent recites an "online computer system" and requires the customer to, among other things, use the system to transmit encrypted backup data to the system's online remote storage.  Exhibit B, '354 Patent (Claim 1), Col. 60:18-48.

In *Katz Interactive* the indefinite claims recited telephone call processing systems having an "interface means," and users of the systems, i.e., the callers, were required to use the systems by digitally entering or providing data.

> Like the language used in the claim at issue in *IPXL* ("wherein … the user uses"), the language used in Katz's claims ("wherein … callers digitally enter data" and "wherein … callers provide … data") is directed to user actions, not system capabilities.

*Katz Interactive*, 639 F.3d at 1318 (ellipses in original).  Because the claims were directed to both a system and method of using the system, the Federal Circuit found them to be indefinite. *Id.* ("Katz's claims … create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by 'individual callers.'").  Similarly, Claim 1 of the '354 Patent is also directed to both a computer system and user actions, and requires the customer using the system to, among other things, perform an action by transmitting backup data to the system's remote storage.  Exhibit B, '354 Patent (Claim 1), Col. 60:18-48.

In *Ariba*, the indefinite claim was a computerized auction bidding device, operated by a seller, and requiring a potential buyer to perform a comparison step.

> A device operated by a potential seller is claimed, and the step in question is performed by a different computer, operated by a potential buyer, or the buyer's auctioneer.

*Ariba*, 2008 U.S. Dist. LEXIS 59862, *24.  Analogously, Claim 1 of the '354 Patent claims a system operated by an "online backup service provider," and the "transmitting" step requires the

customer, using the customer's computer, to transmit backup data to the remote storage of the online backup service provider.  Exhibit B, '354 Patent (Claim 1), Col. 60:18-48.

Oasis may argue that Claim 1 is not indefinite based on the decision in *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367 (Fed. Cir. 2008), a case involving a valid apparatus claim that merely recited functional capabilities of the apparatus.  *Id.* at 1371-75.  In both *Katz Interactive* and *Ariba*, however, the courts distinguished *Microprocessor Enhancement* because the claims at issue in *Katz Interactive* and *Ariba* required specific **actions or steps to be taken by the users** of the systems.  *Katz Interactive*, 639 F.3d at 1318; *Ariba*, 2008 U.S. Dist. LEXIS 59862, *24.  The Court should reach the same result here because Claim 1 of the '354 Patent, just like the indefinite claims in *IPXL Holdings, Katz Interactive* and *Ariba*, requires at least one specific action or step to be performed by the customer.  Accordingly, any attempt by Oasis to rely on *Microprocessor Enhancement* to revive Claim 1 of the '354 Patent would be misplaced.

**D.**    **Because Claim 1 Of The '354 Patent Is Indefinite, All Of The Claims That Depend From Claim 1 Are Also Invalid**

Finally, because Claim 1 of the '354 Patent is invalid for indefiniteness, all of its dependent claims, including asserted dependent Claims 2, 3, 9, 10, 13, 19, and 24, are also invalid.  *Ariba*, 2008 U.S. Dist. LEXIS 59862, *25 (finding asserted dependent claims also invalid when base independent claim held invalid for indefiniteness); *Datamize, L.L.C. v. Plumtree Software, Inc.*, 417 F.3d 1342, 1356 (Fed. Cir. 2005) (affirming summary judgment of invalidity of all claims of patent when patent's only independent claim was held invalid for indefiniteness).

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request the Court to grant this motion, finding Claim 1 of the '354 Patent, and all of its asserted dependent Claims 2, 3, 9, 10, 13, 19, and 24, invalid for indefiniteness under 35 U.S.C. § 112, second paragraph.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  December 5, 2011            By:  /s/ Frederick S. Berretta
                                        Frederick S. Berretta
                                        California Bar No. 144757
                                        fred.berretta@kmob.com
                                        KNOBBE, MARTENS, OLSON & BEAR, LLP
                                        12790 El Camino Real
                                        San Diego, CA  92130
                                        Telephone:  (858) 707-4000
                                        Facsimile:  (858) 707-4001

                                        Attorneys for Defendant
                                        PRO SOFTNET CORP.


                                   By:  /s/ Phillip B. Philbin
                                        Phillip B. Philbin
                                        Texas State Bar No. 15909020
                                        phillip.philbin@haynesboone.com
                                        Theodore G. Baroody
                                        ted.baroody@haynesboone.com
                                        Texas State Bar No. 01797550
                                        Don E. Tiller
                                        Texas State Bar No. 24066197
                                        don.tiller@haynesboone.com
                                        HAYNES AND BOONE, L.L.P.
                                        2323 Victory Avenue, Suite 700
                                        Dallas, Texas 75219
                                        Tel: 214-651-5000
                                        Fax: 214-651-5940

Clyde M. Siebman
Texas State Bar No. 18341600
SIEBMAN, BURG, PHILLIPS,
and SMITH L.L.P.
421 N. Crockett
Sherman, Texas 75090
Tel: (903) 870-0070
Fax: (903) 870-0066

Attorneys for Defendants
AT&T CORP. AND
SBC INTERNET SERVICES INC.


By: /s/ Chris R. Ottenweller
Chris R. Ottenweller
California Bar No. 73649
cottenweller@orrick.com
I. Neel Chatterjee
California Bar No. 173985
nchatterjee@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Stacy B. Margolies
California Bar No. 202360
smargolies@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005-1706
Telephone: 202-339-8400
Fax: 202-339-8500

Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: 903-534-1100
Fax: 903-534-1137
efindlay@findlaycraft.com

Attorneys for Defendants
EMC CORP., DECHO CORP., AND
IOMEGA CORP.

By: /s/ Bijal V. Vakil

Bijal V. Vakil
California Bar No. 192878
bvakil@whitecase.com
Shamita D. Etienne-Cummings
California Bar No. 202090
setienne@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: 650-213-0300
Facsimile: 650-213-8158

Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687

Attorneys for Defendants
IRON MOUNTAIN INCORPORATED AND IRON MOUNTAIN INFORMATION MANAGEMENT INC.

By: /s/ Brian W. LaCorte

Brian W. LaCorte (pro hac vice)
lacorteb@ballardspahr.com
BALLARD SPAHR LLP
One East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: 602-798-5449
Fax: 602-798-5595

Roger D. Sanders
Texas Bar No. 17604700
roger.sanders@somlaw.net
J. Michael Young
Texas Bar No. 00786465
myoung@somlaw.net
SANDERS, O'HANLON & MOTLEY PLLC
111 South Travis Street
Sherman, TX 75090
Telephone: 903-892-9133

Motion for Summary Judgment
Case no. 10cv00435 MHS (ALM)

Fax: 903-892-4302

Attorneys for Defendant
GODADDY.COM, INC.


By: /s/ Matthew Lowrie
Matthew Lowrie (pro hac vice)
mlowrie@foley.com
Kevin M. Littman (pro hac vice)
klittman@foley.com
FOLEY & LARDNER LLP
111 Huntington Ave
Boston, MA 02199
Telephone: 617-342-4000
Fax: 617-342-4001

Andy Tindel
Texas Bar No. 20054500
atindel@andytindel.com
PROVOST UMPHREY LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, TX 75702
Telephone: 903-596-0900
Fax: 903-596-0909

Attorneys for Defendant
CARBONITE, INC.


By: /s/ Thomas Gerald Jacks
Thomas Gerald Jacks
Texas Bar No. 24067681
tjacks@chalkerflores.com
Scott A. Meyer
Texas Bar No. 24013162
smeyer@chalkerflores.com
CHALKER FLORES, LLP
14951 North Dallas Parkway, Suite 400
Dallas, Texas 75254
Telephone: 214-866-0001
Fax: 214-866-0010

Attorneys for Defendant
OFFICEWARE CORP.
D/B/A FILESANYWHERE.COM.


- 12 -

By: /s/ Greg H. Parker
    Greg H. Parker
    Texas Bar No. 24011301
    greg.parker@hittgaines.com
    Heidi H. Parker
    Texas Bar No. 24013295
    heidi.parker@hittgaines.com
    HITT GAINES, P.C.
    P.O. Box 832570
    Richardson, TX 75083
    Telephone: 972-480-8800
    Fax: 972-480-8865

Attorneys for Defendant
NIRVANIX, INC.

Motion for Summary Judgment
Case no. 10cv00435 MHS (ALM)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 5, 2011, the foregoing document was filed

electronically in compliance with Local Rule CV-5(a).  As such, the document was served on all

counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).


By: /s/ Frederick S. Berretta
    Frederick S. Berretta

12283142

Motion for Summary Judgment
Case no. 10cv00435 MHS (ALM)