# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| | § | Case No. 4:10-CV-00435 |
| v. | § | Judge Mazzant |
| | § | |
| | § | |
| AT&T CORP., ET. AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment of Indefiniteness of Claim 1 of U.S. Patent No. 5,771,354, and its Asserted Dependent Claims (Dkt. #319). On January 18, the Court heard argument from the parties. For the reasons stated below, Defendants' motion is denied.

## BACKGROUND

This is a patent infringement suit. The patents-in-suit, U.S. Patent Nos. 5,771,354 ("'354 Patent"), 5,901,228 ("'228 Patent"), 6,411,943 ("'943 Patent"), and 7,080,051 ("'051 Patent"), share a common specification and all relate back to the original application that lead to the '354 Patent, filed November 4, 1993. As explained more fully in the Court's claim construction report and recommendation, the patents concern a system for a computer to connect to online service providers to obtain additional processing and storage resources for a computer.

Defendants contest the validity of Claim 1 for indefiniteness under 35 U.S.C. § 112. Claim 1 is an independent claim for an "online computer system providing commercial backup services to remote customer computers over the internet by performing the following steps." DEFS.' MOTION, Exhibit B, '354 Patent, Col 60:18-48. The parties agree that Claims 2, 3, 9, 10, 13, 19, and 24 depend from Claim 1. Defendants assert that if Claim 1 is determined to be invalid, then its asserted

dependent claims would also be invalid.

Defendants contend that the claim improperly includes both an apparatus and method for using that apparatus within a single claim. Defendants assert that Claim 1 cannot be properly characterized as either an apparatus claim or method claim because it contains steps that must ultimately be performed by the customer, rather than the service provider. Defendants also argue that because of this step, it is impossible to know when infringement occurs.

On December 5, 2011, Defendants filed their Motion for Partial Summary Judgment (Dkt. #319). Plaintiff filed its Response in opposition on December 21, 2011 (Dkt. #326). On January 5, 2012, Defendants filed their Reply (Dkt. #335).

## LEGAL STANDARDS

### I. Summary Judgment Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine

issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## II.    Claim Indefiniteness

Patent claims must particularly point out and distinctly claim the subject matter regarded as the invention. 35 U.S.C. § 112, ¶ 2. Whether a claim meets this definiteness requirement is a matter of law. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1344 (Fed. Cir. 2007). A party challenging the definiteness of a claim must show it is invalid by clear and convincing evidence. *Id.* at 1345.

"Only claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1250 (Fed. Cir. 2008) (quoting *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005)). The ultimate issue is whether someone working in the relevant technical field could understand the bounds of a claim. *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010).

## ANALYSIS

Defendants seek partial summary judgment of indefiniteness of Claim 1 of the '354 Patent, and all claims depending from Claim 1. Defendants argue that this claim impermissibly combines an apparatus claim with a method claim, which renders the claim indefinite.

Claim 1 provides:

1. An online computer system providing commercial backup services to remote customer computers over the Internet by performing the following steps:

(a) providing at least one remote storage area for use in storing customer backup information;
(b) establishing a first online Internet session with a customer's computer;
(c) allowing the customer to sign up for backup services over the first online Internet session, including the step of establishing a customer identifier and associated password for the customer;
(d) establishing a second online Internet session with the customer's computer;
(e) requesting the customer to input the customer identifier and associated password established by step (c);
(f) validating the customer identifier and password requested by step (e);
(g) conditioned at least in part on validating step (f), allowing the customer to access the remote storage area over the second Internet session substantially as if the remote storage area was a backup storage device physically and/or locally attached to the customer's computer, including the steps of:
    (1) encrypting backup data provided by the customer's computer,
    (2) transmitting the encrypted backup data to the online backup service provider over the second online Internet session, and
    (3) storing the backup data in the remote storage area provided by the online backup service provider.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ("MSJ"), Exhibit B, Col. 60:18-48. Defendants argue that the preamble contains language describing both an "online computer system" that is used by "performing the following steps." Defendants rely in part on the Manual of Patent Examining Procedure (MPEP), which says that "[a] single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. § 112, second paragraph." MPEP § 2173.05(p)(II) (8th ed. Rev. 8, July 2010).

4

Plaintiffs argues that Claim 1 is a method claim as indicated by the performance of a series of steps. Plaintiff relies on the Federal Circuit decision in *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367 (Fed. Cir. 2008), which held that a patent is not invalid for indefiniteness when direct infringement covers practicing the claimed steps on a certain system. Plaintiff further argues that no confusion exists as to what constitutes direct infringement of Claim 1. Plaintiff contends that direct infringement occurs when Defendants' systems perform the steps in Claim 1.

Claim 1 does not contain both apparatus and method claims. Despite the language in the preamble of Claim 1 that refers to an "online computer system providing commercial backup services," the language in the claim itself clearly contains method steps. "A method claim is composed of a series or sequence of steps, each of which should state an operation expressed in the form of the present participle ('ing'), as, for example, 'heating...,' 'cooling...,' 'reacting...' Such are sometimes referred to as active or action steps." Donald C. Reiley III, et. al., 3 Patent Law Fundamentals § 14:41 (2d ed. 2011). The steps in Claim 1 consist of the following language: (a) providing...; (b) establishing...; (c) allowing...; (d) establishing...; (e) requesting...; (f) validating...; and (g) allowing. The Federal Circuit held in *Microprocessor*, "[m]ethod claim preambles often recite the physical structures of a system in which the claimed method is practiced." *Microprocessor*, 520 F.3d at 1374. Claim 1 is no different, since the preamble recites the structure of a system in which the method is practiced.

Defendants cite various cases holding that mixed apparatus and method claims are indefinite because it is unclear when infringement occurs. *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005); *In re Katz Interactive Call Processing Patent*, 639 F.3d 1303, 1318

5

(Fed. Cir. 2011); *Ariba, Inc. v. Emptoris, Inc.*, No. 9:07-CV-90, 2008 WL 3482521, at *7-8 (E.D. Tex. Aug. 7, 2008). However, these cases all deal with what appears to be an apparatus claim with method steps added into the claim. *See IPXL Holdings,* 430 F.3d at 1384 ("The system of claim 2 [including an input means]... and the user uses the input means..."); *In re Katz*, 639 F.3d at 1318 ("Katz's claim, however, create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by 'individual callers.'"); *Ariba, Inc.,* 2008 WL 3482521, at *8 ("A device operated by a potential seller is claimed, and the step in question is performed by a different computer, operated by a potential buyer, or the buyer's auctioneer."). Therefore, these cases do not apply to the argument advanced by Defendants, because Claim 1 in the present case contains all method steps.

Finally, Defendants raise the argument that Claim 1 is indefinite because it requires some steps to be performed by the user. Claim 1, subparagraph (g) provides:

> (g) conditioned at least in part on validating step (f), allowing the customer to access the remote storage area over the second Internet session substantially as if the remote storage area was a backup storage device physically and/or locally attached to the customer's computer, including the steps of:
> (1) encrypting backup data provided by the customer's computer,
> (2) transmitting the encrypted backup data to the online backup service provider over the second online Internet session, and
> (3) storing the backup data in the remote storage area provided by the online backup service provider.

MSJ, Exhibit B, Col. 60:36-48. Defendants argue that the "transmitting the encrypted backup data to the online backup service provider" step must be performed by the user. While this may be true, the claim is not indefinite because there is no mixing of apparatus and method claims. *See IPXL Holdings,* 430 F.3d at 1384; *In re Katz*, 639 F.3d at 1318; *Ariba, Inc.*, 2008 WL 3482521, at *7-8.

6

The steps listed in Claim 1 are all method steps,[1] with only a potential question regarding who, the online backup storage provider or the user, is required to perform the steps at issue in order to infringe Claim 1. This issue is not presently before the Court and will not be considered at this time.[2] Accordingly, the claims are not insolubly ambiguous and are not indefinite.

## CONCLUSION

Based on the foregoing, the Court finds Defendants' Motion for Partial Summary Judgment of Indefiniteness of Claim 1 of U.S. Patent No. 5,771,354, and its Asserted Dependent Claims (Dkt. #319) is DENIED.

**It is SO ORDERED.**

**SIGNED this 23rd day of February, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[1]As a method claim, there is no confusion that infringement is limited to practicing the claimed method. *Microprocessor*, 520 F.3d at 1375.

[2]*See Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311 1321-22 (Fed. Cir. 2010), *reh'g granted*, 419 F. App'x 989 (Fed. Cir. Apr. 20, 2011) (finding the claim required a theory of joint liability at trial because defendant did not perform all the steps of the asserted claim).