IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| OASIS RESEARCH, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>AT&T CORP., et al,<br><br>        Defendants. | CASE NO. 4:10-cv-00435-MHS-ALM |

**EMERGENCY MOTION
BY DEFENDANTS EMC, CARBONITE, GO DADDY, IRON
MOUNTAIN, AND PRO SOFTNET
TO STAY THE CASE PENDING THE COURT'S RULINGS ON THE PARTIES'
MOTIONS TO TRANSFER**

**I.    INTRODUCTION**

Defendants EMC Corp., Decho Corp., and Iomega Corp. (collectively, "EMC"), Carbonite, Inc. ("Carbonite"), GoDaddy.Com, Inc. ("Go Daddy"), Iron Mountain Incorporated and Iron Mountain Information Management, Inc. (collectively, "Iron Mountain"), and Pro Softnet Corporation ("Pro Softnet") ("the Moving Defendants") jointly move the Court to stay all action in this case until after the Court reconsiders its rulings on the Moving Defendants' motions to sever and transfer, following the Federal Circuit's recent decision granting the

petition for writ of mandamus.[1] *See In re EMC Corp.*, Miscellaneous Docket No. 100 (attached hereto as Exhibit A). On May 4, the Federal Circuit held that this Court applied the incorrect legal standard in assessing the Moving Defendants' motions to dismiss or sever the claims and to transfer the cases to Massachusetts, Utah, Arizona, and California. While the Court had found that joinder of the parties was permissible under Rule 20(a)(2) based on the similarity of the defendants' products (Doc. # 204, at 4), the Federal Circuit determined that "[t]he sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'" *In re EMC*, at 15. Under the correct legal standard confirmed by the Federal Circuit, the claims against the different defendants must clearly be severed.

After denying the motions to sever, because the Moving Defendants' reasons for transfer under 28 U.S.C. § 1404 were contingent upon first severing the claims, the Court denied the motions to transfer as well. Now, however, it is likely that after severance, a number of the cases will be transferred to federal courts in other districts, and therefore discovery and other proceedings in this action should be stayed until those determinations are made.

If a stay is not granted, five of the remaining Defendants in this action will be forced to remain in this district, potentially through the entire fact discovery period, prior to being transferred. If the stay is not granted, these defendants will therefore be irreparably harmed. In contrast, a limited stay while the Court reconsiders its rulings on the Moving Defendants' motions to sever and to transfer will not harm plaintiff Oasis Research, LLC ("Oasis").[2] Additionally, a stay would be the most efficient alternative because it will allow the transferee courts to take over the cases as early as possible. Consequently, the Moving Defendants

---

[1] Defendant AT&T Corp. does not oppose this motion to stay. It did not file a motion to sever and transfer, however.
[2] Oasis filed this complaint alleging patent infringement. However, it does not claim to be a competitor of any of the Defendants; therefore, a stay is not prejudicial.

respectfully request that the case be stayed until the Court issues its rulings on reconsideration of the motions to sever and transfer.

## II. BACKGROUND AND THE FEDERAL CIRCUIT HOLDING

### A. The Motions by Defendants, the Court's Ruling and the Petition for a Writ of Mandamus

Oasis brought this action against a number of different defendants who sell different accused products and services, with the only common thread being that all were accused of infringing the same family of patents (the same claims are not asserted against all of the parties). Rule 20(a)(2) provides that to join multiple defendants in a single action, (1) the claims asserted against the defendants must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).

In November 2010, the Moving Defendants moved to dismiss or sever the claims against them under Rule 20(a)(2) and to transfer the cases to federal courts in Massachusetts, Utah, Arizona, and California under 28 U.S.C. § 1404. (Doc. # 104, 106, 108, 116, 124, 138.) On May 23, 2011, Magistrate Judge Mazzant issued a Report and Recommendation recommending that these motions be denied. (Doc. # 204.) According to the Report and Recommendation, the same transaction or occurrence prong of Rule 20(a)(2) was satisfied because of the similarity of the defendants' products. (*Id.* at 4.)

Based on the finding that joinder was appropriate, without significant analysis because transfer was largely contingent on first severing the claims, Judge Mazzant also recommended denying the Moving Defendants' motions to transfer under § 1404. The Court determined that there was insufficient information about the location of witnesses, documents, and other relevant

3

information for the defendants that did not join in the transfer motions. (*Id.* at 9.) Judge Schneider adopted the Report and Recommendation on July 24, 2011. (Doc. # 246.)

On September 7, 2011, EMC filed a petition for writ of mandamus to the Federal Circuit, which was joined by the other Moving Defendants, Carbonite, Go Daddy, Iron Mountain, and Pro Softnet. The Moving Defendants argued that the Court erred because Rule 20 does not allow a plaintiff to join patent infringement claims against multiple unrelated parties solely because the companies offer the same type of product or service and without regard to whether the companies independently designed, developed, and marketed those products or services.

### B. The Federal Circuit's Opinion

On May 4, 2012, the Federal Circuit granted that petition, finding that the Court applied the incorrect legal standard by allowing defendants to be joined in patent litigation based on the defendants' accused products being "not dramatically different." *In re EMC*, at 14. The Federal Circuit determined that "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder" because it does not satisfy the requirement of Rule 20(a)(2) that the claims asserted against the defendants must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* at 11. Instead, the Federal Circuit determined that the transaction-or-occurrence test is only satisfied when there is a "logical relationship" between the causes of action. "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must *share* an aggregate of operative facts." *Id.* at 13. The Federal Circuit held:

> We agree that joinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the

4

> accused products or processes are the same in respects relevant to the patent. But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction." Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*Id.* at 15.

Accordingly, the Federal Circuit ordered the Court to reconsider the Moving Defendants' motions to sever and transfer in light of the correct test. *Id.* at 17.

### III. ARGUMENT

The stay of all action, including discovery, in this case should be granted because it is the most efficient approach for the parties and the Court. It would only be for the relatively short period of time while this Court reconsiders its own prior rulings. It would be unfair to require the defendants that may be transferred elsewhere to continue with proceedings here any longer when a transfer may occur later. Given the potential short timeframe of the stay and the fact that it will be less disruptive to transfer cases before more has occurred in the case, Oasis will also not be substantially harmed by a stay. Finally, the public interest favors controlling litigation expenses and judicial resources, which will be best served by a stay.

The power of a court to stay the proceedings before it is inherent in every court. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis*, 299 U.S. at 254-55.

Here, the economy of time and effort for the Court, counsel and the parties weighs heavily in favor of staying all action in the case until after the Court has reconsidered its decisions on the Moving Defendants' motions to sever and transfer. The Court may even order additional briefing on the issues raised by the transfer motion that may affect current discovery cut-off dates. If five of the six remaining defendants are going to be moved to federal courts in Massachusetts, Utah, Arizona and California, it is inefficient for these defendants, their counsel, the Court, and even Oasis, to continue with activity in this case in the Eastern District of Texas. For example, discovery is not complete, and if there are discovery disputes, they would be needlessly faced by this Court instead of the transferee court.

It is also unfair to require the Moving Defendants to continue with activities in this district when the Court may very well find that the actions should be transferred to other jurisdictions. Every day that the Moving Defendants must conduct activity in the case, when the transfer motions should have been granted in the first instance, is prejudicial to the Moving Defendants.

In other contexts a motion to stay pending appeal requires consideration of four factors: "(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest." *Astec America, Inc. v. Power-One, Inc.*, 2008 U.S.

6

Dist. LEXIS 55100, *8 (E.D. Tex. Jul. 15, 2008). In this case, since the appellate court already has issued a mandate to the trial court, the test should be even more lenient.

The first factor alone demonstrates that a stay should be granted because likelihood of success on the merits has turned into an actual success on the merits in the appeal. The Court and parties are no longer seeking a stay while a different court or agency (e.g., the U.S. Patent and Trademark Office conducting a reexamination of a patent) determines an issue in the case. The stay requested by the Moving Defendants would only stay the case while the Court waits on its own reconsideration of a prior ruling.

The second factor also favors a stay because, as discussed above, if a stay is not granted, the Moving Defendants will have to continue with this action when they likely should have previously been transferred to other districts. Discovery should proceed in those districts rather than in the Eastern District of Texas.

The third factor also favors granting a stay because Oasis will not be substantially harmed by it. The stay would only be for the short period of time while the Court reconsiders its rulings on the motions to sever and transfer.

Finally, the granting of the stay will serve the public interest. "Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole." *Astec America*, 2008 U.S. Dist. LEXIS 55100, at *15.

In short, all factors weigh in favor of a stay.

## IV. CONCLUSION

To promote judicial economy and to reduce the burdens on the parties, the Moving Defendants respectfully request that the Court grant a stay of all action in the case, including discovery, until after the Court has issued decisions reconsidering the Moving Defendants motions to sever and transfer.

7

Dated: May 11, 2012

    */s/ Bijal V. Vakil*
Bijal V. Vakil, California Bar No. 192878
*Admitted To Practice in Eastern District of Texas*
bvakil@whitecase.com
White & Case LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: 650-213-0300
Facsimile: 650-213-8158

Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903-531-3535
Facsimile: 903-533-9687

ATTORNEYS FOR DEFENDANTS IRON MOUNTAIN INCORPORATED AND IRON MOUNTAIN INFORMATION MANAGEMENT, INC.


    */s/ Chris R. Ottenweller*
Chris R. Ottenweller
California Bar No. 73649
cottenweller@orrick.com
I. Neel Chatterjee
California Bar No. 173985
nchatterjee@orrick.com
Jacob A. Snow
California Bar No. 270988
jsnow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703

8

Telephone: 903-534-1100
Fax: 903-534-1137
efindlay@findlaycraft.com

ATTORNEYS FOR DEFENDANTS EMC CORP., DECHO CORP., AND IOMEGA CORP.


    */s/ Matthew Lowrie*
Matthew Lowrie (pro hac vice)
mlowrie@foley.com
Kevin M. Littman (pro hac vice)
klittman@foley.com
FOLEY & LARDNER LLP
111 Huntington Ave
Boston, MA 02199
Telephone: 617-342-4000
Fax: 617-342-4001

Andy Tindel
Texas Bar No. 20054500
atindel@andytindel.com
PROVOST UMPHREY LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, TX 75702
Telephone: 903-596-0900
Fax: 903-596-0909

ATTORNEYS FOR DEFENDANT CARBONITE, INC.


    */s/ Fred Berretta*
Fred Berretta
fberretta@kmob.com
KNOBBE MARTENS
12790 El Camino Real
San Diego, CA 92130
Telephone: (858) 707-4000
Fax: (858) 707-4001

ATTORNEYS FOR DEFENDANT PRO SOFTNET CORPORATION

    */s/ Brian W. LaCorte*
Brian W. LaCorte (pro hac vice)
lacorteb@ballardspahr.com
BALLARD SPAHR LLP
One East Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone: 602-798-5449
Fax: 602-798-5595

Roger D. Sanders
Texas Bar No. 17604700
roger.sanders@somlaw.net
J. Michael Young
Texas Bar No. 00786465
myoung@somlaw.net
SANDERS, O'HANLON & MOTLEY PLLC
111 South Travis Street
Sherman, TX 75090
Telephone: 903-892-9133
Fax: 903-892-4302

ATTORNEYS FOR DEFENDANT GODADDY.COM, INC.

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on the 10th day of May, 2012 in compliance with L.R. CV-7(h), counsel for Iron Mountain (Bijal Vakil) and Go Daddy (Andrea Stone), with permission from counsel for the other Defendants, met and conferred with counsel for Plaintiff (Allan Kellman) concerning the basis for this motion. Counsel are not able to resolve this dispute without the assistance of the Court. The basis for the disagreement is that counsel for Plaintiff Oasis Research, LLC, while willing to agree to an extension of discovery deadlines, does not agree to stay the case, including discovery.

Dated May 11, 2012                                   */s/ Bijal V. Vakil*
                                                                       Bijal V. Vakil

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 11th day of May, 2012.

Dated May 11, 2012                                   */s/ Bijal V. Vakil*
                                                                       Bijal V. Vakil