# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Oasis Research, LLC, | |
| Plaintiff, | Civil Action No. 4:10cv435-MHS-ALM |
| v. | JURY TRIAL DEMANDED |
| AT&T CORP., et al, | |
| Defendants. | |

**PLAINTIFF OASIS RESEARCH, LLC'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY THE CASE PENDING THE COURT'S RULINGS <u>ON THE PARTIES' MOTIONS TO TRANSFER</u>**

I.  **INTRODUCTION**

Defendants' motion to stay should be denied because they have failed to satisfy their burden of proof in showing that a stay is needed in this case. Defendants' only claimed irreparable harm is their obligation to continue fact discovery "in this district" while the Court reconsiders its previous ruling. But they fail to articulate how they are prejudiced by a continuing obligation to answer written discovery, produce documents, or present witnesses near their places of employment. Those obligations would continue regardless of how the Court decides the pending procedural motions. Defendants also ignore that the discovery they seek to stay will be applicable to the merits of the case regardless of the location of the district court in which the case is pending. And Defendants do not even address—let alone provide justification for—their sought departure from Local Rule 26(a), which mandates that absent court order to the contrary, discovery proceed despite pending motions to transfer.

Defendants' "emergency" motion to stay is nothing more than a mischaracterization of the Federal Circuits' Writ of Mandamus in a transparent attempt to influence this Court's decision on the issues of severance and transfer. But Defendants' analysis of the "likelihood of success on the merits" is wrong and fails to acknowledge that the Federal Circuit did not grant the relief sought by Defendants—an order instructing this Court to sever and transfer the claims against each of the moving defendants. Instead, the Federal Circuit articulated a new standard for Rule 20(a), and explicitly instructed this Court that "[i]n exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'" *In re EMC*, at 16 (citations omitted). Defendants did not contest this Court's finding that venue is proper in this district or that there is a common question of law or fact in this case. It is therefore within this Court's sound discretion to maintain a single, consolidated action based on the fact that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective." D.I.

204 (quoting *In re Google, Inc.*, Misc. No. 968, 2011 WL 772875, at *2 (Fed. Cir. Mar. 4, 2011)). And the Court's previous reliance on judicial efficiency as a basis for refusing to divide a single action into multiple lawsuits scattered across the country remains undisturbed by the Writ of Mandamus.

## II.     FACTUAL BACKGROUND

Oasis brought his action in August of 2010 seeking damages for Defendants' infringement of four related United States patents. While Oasis' patents cover a broad range of technologies, the accused infringement in this case is limited to online backup/storage services. Because of the apparently significant demand for these services, each Defendant offers a similar commercial online backup/storage service to customers in this District and elsewhere.

In May of 2011, applying the well-established law in this District, this Court found the claims to be properly joined under Rule 20(a)(2). In granting the Writ of Mandamus, the Federal Circuit changed the well-established law in this District, which had allowed similar products to satisfy the same-transaction-or-occurrence prong of Rule 20(a)(2). But the Federal Circuit did not mandate severance in this case because, even under the newly articulated same-transaction-or-occurrence test, factual issues remained with respect to whether that standard was satisfied. While some of the accused products in the case may have been independently developed, the infringement of several of the defendants in the lawsuit arose from the *same* products. Indeed, both Carbonite and EMC supplied accused products to AT&T. The case against Carbonite, EMC, and AT&T therefore satisfies even the newly articulated standard. Moreover, there appears to be evidence, which has yet to be explored in discovery, that other accused products are developed based on EMC's products, rather than independently.

Moreover, instead of mandating severance and transfer, the Federal Circuit instructed this Court to exercise its discretion in deciding whether a single consolidated case was appropriate under Federal Rule of Civil Procedure 42. Indeed, this Court has already engaged in construing the claims of the patents-in-suit, and ruling on questions of summary judgment that were common to all Defendants. Defendants share invalidity contentions, and have been coordinating

their approach to discovery. Oasis has been more than accommodating in consenting to Defendants' requests to extend fact discovery in the case. The case has been proceeding efficiently in this District and should be permitted to continue to do so.

### III.   ARGUMENT

Oasis does not contest that this Court has the power to stay discovery in its discretion. But "'a stay is not a matter of right, even if irreparable injury might result otherwise.' It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (citation omitted). Defendants plainly have failed to meet that burden.

The factors considered by courts in deciding a motion to stay pending appeal on the merits do not apply here. While resolution by an appellate court of substantive issues in a case may narrow issues, dispose of issues, or otherwise affect how the parties conduct discovery and prepare for trial (*e.g.*, claim construction),[1] resolution of Defendants' motions to sever and transfer will have no impact on the merits of this case. The discovery obtained within the next weeks and months will be required regardless of this Court's decision on the motions to sever and transfer. Indeed, courts in this District previously have held that a motion to stay until resolution of a motion to transfer is a mere "effort to delay the disposition of the case on the merits, either in this court or any transferee court" because "the merits-related discovery may be used in either forum." *Software Rights Archive, LLC v. Google Inc.*, No. 2:07-cv-511, *slip op.* (E.D. Tex. May 26, 2010) (Everingham, M.J.) (attached hereto as Exhibit A).

Moreover, Defendants fail to even acknowledge that the default rules in this District require discovery to proceed, even when a motion to transfer is pending. *See* L.R. 26(a). Local

---

[1] Indeed, in *Astec America,* cited by Defendants, the court found that the stay was supported primarily by the fact that "any change in the claim construction order from the prior litigation, particularly to a term such as 'POL regulator,' could have a dramatic effect on how the parties conduct discovery and prepare for trial" and that "the patents-at-issue could ultimately be rendered invalid" by the appeal. *Astec America, Inc. v. Power-One, Inc.*, Civil Action No. 6:07-cv-464, 2008 U.S. Dist. LEXIS 55100, *13-14 (E.D. Tex. Jul. 15, 2008).

Rule 26(a) specifically provides that "[a]bsent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." L.R. 26(a). Accordingly, courts in this District routinely deny motions to stay discovery until resolution of pending motions to transfer venue. *See, e.g.*, *GHJ Holdings, LLC v. Plasticade Products Corp.*, No. 5:10-cv-220, *slip op.* (E.D. Tex. Sept. 7, 2011) (Folsom, J.) (denying emergency motion for temporary stay of discovery until after resolution of pending motions to dismiss and to transfer) (attached hereto as Exhibit B); *Emanuel v. SPX Corp.*, No. 6:09-cv-220, *slip op.* (E.D. Tex. Jul. 2, 2009) (Davis, J.) (denying request to stay discovery pending the Court's ruling on Defendant's Motion to Transfer Venue) (attached hereto as Exhibit C); *Software Rights Archive*, No. 2:07-cv-511, *slip op.* (E.D. Tex. May 26, 2010) (Everingham, M.J.) (denying motion to stay discovery until a resolution of defendants' motion to transfer venue) (Ex. A). Courts in other districts similarly are reluctant to stay discovery until resolution of pending motions to transfer venue. *See, e.g.*, *Kron Medical Corp. v. Groth*, No. C-88-95-D, 119 F.R.D. 636 (M.D.N.C. Apr. 7, 1988); *McKenna v. CDC Software, Inc.*, No. 08-cv-110, 2008 WL 1782656 (D. Col. Apr. 17, 2008).

    Defendants argue that it is "unfair to require the Moving Defendants to continue with activities in this district when the Court may very well find that the actions should be transferred to other jurisdictions." Defs' Br. at 6. But they have not articulated any activities in which they will actually engage "in this district." Fact discovery is occurring around the country. Defendants' witnesses are being offered for depositions at locations convenient to those witness and defense counsel. Oasis is inspecting source code at defense counsel's offices. And written discovery is being sent back and forth via electronic and postal mail. Defendants also have not articulated any prejudice caused by allowing this Court resolve to discovery disputes while the motion to transfer is pending. *See Technograph, Inc. v. Texas Instruments Inc.*, 43 F.R.D. 416, 417 (S.D.N.Y. 1967) ("Since this Court is applying the same Federal Rules as would be applied by the United States District Court in Texas, the prospect that the case may be transferred to Texas does not support the suggestion that the defendant might be prejudiced by this Court's

disposition of the pending discovery motions at this time rather than by deferment for possible transfer.").

On the other hand, the granting of a stay will prejudice Oasis. It will undermine Oasis' ability to "secure the just, speedy, and inexpensive determination" of its action as required by Federal Rule of Civil Procedure 1. Additional prejudice and inefficiencies of such a stay have been articulated by courts:

> Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track.

*Kron Medical*, 119 F.R.D. at 638. Moreover, Oasis has substantially completed its document production and Defendants have taken the depositions of Oasis' 30(b)(6) witness, and Mr. Crawford, the single inventor of the patents-in-suit. Granting a stay now would prevent Oasis from obtaining comparable reciprocal discovery from Defendants, including taking Defendants' depositions and seeking this Court's assistance in obtaining complete document production from Defendants.

Contrary to Defendants' assertions, a stay will not control litigation expenses and conserve judicial resources; it will do just the opposite. Should this Court decide to sever and transfer this case—which it should not— judicial efficiency further supports resolution of all discovery matters and dispositive motions in a single court prior to this Court's decision on the motions to sever and transfer. That would allow for similar, largely overlapping matters to be considered by a single court rather than multiple courts across the country. Courts also have held that judicial efficiency weighs against granting stays of discovery until resolution of pending motions to transfer because "it is common for courts to follow the agreed-upon discovery schedules of cases transferred into their districts." *McKenna*, 2008 WL 1782656, at * 2.

### IV. CONCLUSION

For the foregoing reasons, Defendants' emergency motion to stay should be denied.

DATED: May 15, 2012 Respectfully submitted,

By: */s/ Tamir Packin*
John M. Desmarais *(admitted pro hac vice)*
jdesmarais@desmaraisllp.com
Alan S. Kellman *(admitted pro hac vice)*
akellman@desmaraisllp.com
Tamir Packin *(admitted pro hac vice)*
tpackin@desmaraisllp.com
Eugene Chiu *(admitted pro hac vice)*
echiu@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)

*Lead Counsel for Plaintiff*
*OASIS RESEARCH, LLC*


James C. Tidwell
Texas State Bar No. 20020100
jct@wtmlaw.net
WOLFE, TIDWELL & MCCOY, LLP
123 North Crockett Street, Suite 100
Sherman, Texas 75090
(903) 868-1933 (Telephone)
(903) 892-2397 (Facsimile)

*Local Counsel for Plaintiff*
*OASIS RESEARCH, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

          */s/ Tamir Packin*
          Tamir Packin