IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC, | § § § | |
| Plaintiffs, | § § | Case No.  4:10-CV-00435-ALM consolidated with |
| v. | § § | Case No. 4:12-CV-00525-ALM |
| ADRIVE, LLC, ET AL, | § § | Case No. 4:12-CV-00526-ALM |
| Defendants. | § § § § | |

**DEFENDANTS EMC CORPORATION, DECHO CORPORATION AND CARBONITE INC.'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE REFERENCE TO LEGAL CONSEQUENCES OF JURY'S FINDINGS ON INVENTORSHIP**

## I.   INTRODUCTION

Defendants have asserted that three individuals – Jack Byrd, Donald Atwood and Charles Campos – are omitted co-inventors on the patents-in-suit. Whether those individuals are co-inventors is the focus of the first trial in this case. The Court will be asked to enter judgment *as a matter of law* based on the jury's verdict. If the jury finds that Byrd, Atwood, and Campos are co-inventors, it is for the Court to enter judgment based on that finding. Similarly, it is for the Court to decide whether the sole named inventor, Christopher Crawford, engaged in inequitable conduct in applying for the patents in his name alone.

The jury should not be told that a finding of inventorship may result in the invalidation or unenforceability of the patents-in-suit. Those are not issues for the jury to decide; those are consequences the Court implements as a matter of law. If told of the possibility that a finding of omitted co-inventors would result in the invalidation of the patents, the jury might be confused and improperly conduct its fact-finding with an eye on an ultimate outcome. In light of that risk, the Court should preclude any mention of the legal consequences of the jury's factual findings, including that the patents might be invalidated.

## II.   ARGUMENT

The jury in the inventorship trial will be tasked with answering a factual question: whether Byrd, Atwood or Campos should have been named as co-inventors on the patents-in-suit. It would be prejudicial and distracting to tell the jury that the patents could be invalid as a result of its verdict. Thus, a special verdict form should be used to focus the jury on the factual inquiry and to avoid mention of the legal consequences.

### A.     The Issue For The Jury Is Inventorship.

Defendants assert that Byrd, Atwood, and Campos should have been named as co-inventors on the patents-in-suit. The jury will be asked to determine whether Atwood, Byrd, and Campos meet the standard for a joint inventor, which requires that an individual:

> (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.

*Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998).

The jury's inquiry does not, and should not, depend on whether the patents would be invalid for failure to name all co-inventors. At the end of the trial, the Court will enter judgment based on the jury's verdict, including a judgment of invalidity under 35 U.S.C. § 102(f).[1] In addition, the Court will sit in equity to decide whether the patents are unenforceable due to inequitable conduct.

Because the jury will not be deciding the ultimate issue of patent invalidity or unenforceability, the parties should not be permitted to suggest to the jury it will decide such issues or make statements in the presence of the jury that a verdict in favor of Defendants on the co-inventorship claim will mean that the patents are invalid or unenforceable. If the jury is told about the legal consequences of finding that Atwood, Byrd, and Campos are co-inventors, jurors' reluctance to invalidate a patent may interfere with their ability to impartially evaluate the evidence and answer the factual questions. Or, a juror might struggle with why a finding in favor of co-inventors should mean that no one has any valid patent rights, thereby being

---

[1] A patent that fails to properly identify the inventors is invalid. *Pannu,* 155 F.3d 1349-50. Oasis has not asserted a claim under 35 U.S.C. § 256 to correct inventorship, and indeed has taken the opposite position: that Byrd, Atwood, and Campos are not co-inventors. There is no Section 256 claim to address.

distracted from the underlying issue. To make reference to the consequences of the jury's verdict, or argue the consequences in the presence of the jury, could motivate the jury to adopt a results-oriented decision.

Multiple courts have noted the risks of informing a jury of the legal consequences of its factual determinations. For example, "the jury's view of the correct result" may "interfer[e] with factual findings." *Carvalho v. Raybestos-Manhattan, Inc.*, 794 F.2d 454, 457 n.2 (9th Cir. 1986); *see also Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1266-67 (5th Cir. 1988) (Smith, J. concurring in part and dissenting in part) (noting that even if the jury is predisposed to award the plaintiff damages, so long as the jury remains uninformed of the legal effect of its answers, it might still answer a liability issue favorably to the defendant). Here, the jury should be focused on making the factual determination whether Byrd, Atwood, and Campos qualify as co-inventors.

### B. A Special Verdict Is Appropriate.

Defendants assert that a special verdict should be presented to the jury on the co-inventorship claim. Requiring a special verdict is an appropriate way to avoid the need to tell the jury about certain aspects of the case. *See Martin v. Texaco, Inc.,* 726 F.2d 207, 217 (5th Cir. 1984). A special verdict "concentrate[s] the jury's attention exclusively upon the fact questions put to them," *Gullett v. St. Paul Fire & Marine Ins. Co.*, 446 F.2d 1100, 1105 (7th Cir. 1971), and obviates the need for instruction on legal principles:

> [An instruction on legal effect] is unnecessary to the jury's function of specific fact-finding. When a special verdict is used, the court need give the jury only such explanation and instructions as may be necessary to enable the triers of fact to make intelligent findings.

*Walther v. Omaha Pub. Power Dist.*, 412 F.2d 1164, 1170 (8th Cir. 1969).

To avoid distracting the jury and to avoid the risk of prejudice, the Court should require a special verdict asking the jury to decide whether Byrd, Atwood, or Campos are co-inventors on any of the Asserted Patents.  *See McCain v. Delta Well Surveyors*, No. 95-4158 Section "C" (4), 1997 U.S. Dist. LEXIS 10733, at *2 (E.D. La July 16, 1997) (noting "there is a real potential for undue prejudice if the full legal effect of jury findings is otherwise explained"); *Thedorf v. Lipsey*, 237 F.2d 190, 193 (7th Cir. 1956) (upholding district court's refusal to answer jury question about the legal effect of a finding of equal negligence on the part of two participants).

### III.   CONCLUSION

For the foregoing reasons, the Court should prohibit any party from referring the possibility the patents-in-suit will be held invalid or unenforceable if the jury finds Byrd, Atwood, or Campos are co-inventors.

Dated: February 6, 2013									Respectfully Submitted,

/s/ Chris R. Ottenweller

Chris R. Ottenweller
California Bar No. 73649
cottenweller@orrick.com
I. Neel Chatterjee
California Bar No. 173985
nchatterjee@orrick.com
Bas de Blank
California Bar No. 191487
basdeblank@orrick.com
Jacob A. Snow
California Bar No. 270988
jsnow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

Eric H. Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Attorneys for Defendants
EMC Corporation and Decho Corporation

Dated: February 6, 2013

Respectfully Submitted,

/s/ Matthew Lowrie
Matthew Lowrie
mlowrie@foley.com
Kevin M. Littman
klittman@foley.com
Foley & Lardner LLP
111 Huntington Ave
Boston, MA 02199
Telephone:  617-342-4000
Fax:  617-342-4001

Andy Tindel
atindel@andytindel.com
Provost Umphrey Law Firm, L.L.P.
112 East Line Street, Suite 304
Tyler, TX  75702
Telephone:  903-596-0900
Fax:  903-596-0909

Attorneys for Defendant Carbonite, Inc.

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULES CV-7(h) and (i)

I hereby certify that in a telephone conference call on February 2, 2013, counsel for EMC Corp. and Decho Corp. (Jacob A. Snow) and counsel for Carbonite, Inc. (Kevin M. Littman) met and conferred with counsel for Oasis Research, LLC (Tamir Packin) regarding the present motion.  Counsel discussed a possible resolution to the motion and continued those discussions through today but were unable to reach an agreement.

Dated:  February 6, 2013                                                          */s/*       Jake A. Snow

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice of compliance was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this date February 6, 2013.

                                                                                               */s/ Chris R. Ottenweller*
                                                                                               Chris R. Ottenweller

| John M. Desmarais<br>Alan Kellman<br>Tamir Packin<br>Dmitriy Kheyfits<br>Desmarais, LLP<br>230 Park Avenue<br>New York, NY 10169<br>Telephone:  212-351-3400<br>Fax:  212-351-3401<br>Email: oasisadriveservice@desmaraisllp.com<br><br>ATTORNEYS FOR PLAINTIFF OASIS RESEARCH LLC | James C. Tidwell<br>Wolfe, Tidwell & McCoy, LLP<br>32 N. Travis, Suite 205<br>Sherman, TX 75090<br>Telephone:  903-868-1933<br>Fax:  903-892-2397<br>Email: jct@wtmlaw.net<br><br>ATTORNEYS FOR PLAINTIFF OASIS RESEARCH LLC |
|---|---|
| Matthew Lowrie<br>mlowrie@foley.com<br>Kevin M. Littman<br>klittman@foley.com | Andy Tindel<br>atindel@andytindel.com<br>PROVOST UMPHREY LAW FIRM, L.L.P.<br>112 East Line Street, Suite 304 |

| | |
|---|---|
| FOLEY & LARDNER LLP<br>111 Huntington Ave<br>Boston, MA 02199<br>Telephone:  617-342-4000<br>Fax:  617-342-4001 | Tyler, TX  75702<br>Telephone:  903-596-0900<br>Fax:  903-596-0909<br><br>ATTORNEYS FOR DEFENDANT CARBONITE, INC. |

OHSUSA:753076062.2