**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |
|---|---|
| OASIS RESEARCH, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>ADRIVE LLC, et al.,<br><br>               Defendants. | Civil Action No. 4:10-cv-435-ALM<br>Consolidated with:<br>Civil Action No. 4:12-cv-525-ALM<br>Civil Action No. 4:12-cv-526-ALM |

## <u>EMC CORPORATION, DECHO CORPORATION AND CARBONITE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM</u>

Per the Court's scheduling order, proposed jury instructions and verdict form are due February 11, 2013.  Dkt. 358. However, the parties have not had sufficient time to meet-and-confer on these documents.   In order to ensure compliance with the Court's schedule, counterclaimants EMC Corp., Decho Corp. (collectively "EMC") and Carbonite Inc. hereby submit their proposed jury instructions and verdict form.  EMC will endeavor to work with Oasis in the coming days in the hopes that a joint submission can be submitted to this Court.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| OASIS RESEARCH, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>ADRIVE LLC, et al.,<br><br>      Defendants. | Civil Action No. 4:10-cv-435-ALM<br>Consolidated with:<br>Civil Action No. 4:12-cv-525-ALM<br>Civil Action No. 4:12-cv-526-ALM |

## [PROPOSED] JURY INSTRUCTIONS

**PRELIMINARY INSTRUCTIONS**

### WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder the right for 17 years from the date the patent issued to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must first file an application with the PTO. The PTO is an agency of the Federal Government and employs trained Examiners who review applications for patents. The application includes what is called a "specification," which contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.  A patent application must list all persons who qualify as inventors of the patent.

After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable (appropriate for patent protection) and whether or not the specification adequately describes the invention claimed. In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed. The PTO searches for and reviews information that is publicly available or that is submitted by the applicant. This information is called "prior art." The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed." This writing from the Examiner is called an "Office Action." The papers generated during these communications between the Examiner and the applicant are called the "prosecution history."

<u>Source</u>

CAFC Model Jury Instruction A.1

## SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are EMC Corporation, Decho Corporation, Carbonite Incorporated, and Oasis Research LLC. For sake of convenience, I will refer to EMC and Decho collectively as "EMC."  The case involves United States Patent Nos. 5,771,354; 5,901,228; 6,411,943; and 7,050,051, obtained by Mr. Christopher Crawford and assigned to Intellectual Ventures who then assigned the patents to Oasis Research.  For your convenience, the parties and I will often refer to these patent numbers by the last three numbers of the patent number, namely, as the "'354, '228, '943, and '051 patents," and collectively refer to the patents as the "Patents-in-Suit."

EMC and Carbonite contend that Jack Byrd, Donald Atwood, and Charles (Chuk) Campos are co-inventors of the Patents-in-Suit and should be listed in addition to Christopher Crawford. They contend that Christopher Crawford improperly filed the applications for the Patents-in-Suit in this name alone. Oasis Research denies that Messrs. Byrd, Atwood, and Campos are co-inventors of the Patents-in-Suit.

Your job will be to decide whether or not Byrd, Atwood, and Campos are co-inventors of the Patents-in-Suit.

Source

CAFC Model Jury Instruction A.2.

## OVERVIEW OF APPLICABLE LAW

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The only issue that you will be asked to decide here is whether Byrd, Atwood, and Campos were co-inventors of the Patents-in-Suit.  To be a co-inventor, one must make a significant contribution to the conception of the ideas claimed in the patent.  Whether the contribution meets that standard is measured against the scope of the full invention.

Persons may be inventors even if they do not make the same type or amount of contribution, and even if they do not contribute to the subject matter of each claim of the patent. Persons may be co-inventors even though they do not physically work together, but they must have some open line of communication during or at approximately the time of their inventive effort.

<u>Source</u>

Adapted from CAFC Model Rule and A.4 and 4.3d.

## OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

When considering evidence, there are three standards of proof that may be used, depending on the circumstances: 1) preponderance of the evidence, 2) clear and convincing, and 3) beyond a reasonable doubt.  Preponderance of the evidence means that the fact that is to be proven is more likely true than not, i.e., that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  The standard of proof that you will apply to this case is the clear and convincing standard.

On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, EMC and Carbonite will present their evidence in support of their contention that Mr. Byrd, Mr. Atwood, and Mr. Campos are co-inventors of the Patents-in-Suit.

Oasis Research will then put on evidence responding to EMC and Carbonite's proof of co-inventorship.

Finally, EMC and Carbonite may have the option to put on "rebuttal" evidence to support its contentions relating to co-inventorship.

**Instructions at Close of Evidence**

GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

<u>Source</u>

5th Circuit, <u>Pattern Jury Instructions</u>, (2006 Ed.), No. 3.1

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source

5th Circuit, Pattern Jury Instructions, (2006 Ed.), No. 2.18.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including the Plaintiff and the representatives of Defendant who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.

In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Plaintiff or the Defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

Source

5th Circuit, Pattern Jury Instructions, (2006 Ed.), No. 2.16.

## CLEAR AND CONVINCING EVIDENCE

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.


<u>Source</u>

5th Circuit, <u>Pattern Jury Instructions</u>, (2006 Ed.), No. 2.14.

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

<u>Source</u>

5th Circuit, <u>Pattern Jury Instructions</u>, (2006 Ed.), No. 2.21.

INVENTORSHIP

In this case, EMC and Carbonite contend that the Patents-in-Suit do not name all of the actual inventors.  A patent is required to name all of the actual inventors; this is known as the "inventorship" requirement.  A co-inventor is also referred to as a joint inventor.

To be an inventor, one must make a significant contribution to the conception of at least one or more of the claims of the patent. Whether the contribution is significant is measured against the scope of the full invention.  There is no explicit lower limit on the quantity or quality of inventive contribution required for a person to qualify as a joint inventor. Rather, a joint invention is simply the product of a collaboration between two or more persons working together to solve the problem addressed.

If someone only explains to the actual inventors well-known concepts or the current state of the art, he or she is not an inventor. Merely helping with experimentation, by carrying out the inventor's instructions, also does not make someone an inventor. What is required is some significant contribution to the idea claimed.

Co-inventors' claims do not necessarily fail because they cannot recall each individual's specific contribution; it is sufficient that they recalled collaborating together in a series of meetings to produce the patented invention.

Persons may be inventors even if they do not make the same type or amount of contribution, and even if they do not contribute to the subject matter of each claim of the patent. Persons may be joint or co-inventors even though they do not physically work together, but they must have some open line of communication during or at approximately the time of their inventive effort.

To prove inventorship, EMC and Carbonite are required to present additional evidence beyond the testimony of the purported co-inventors.  However, you must evaluate all pertinent evidence, including that testimony, and make a sound determination that the evidence credibly establishes joint invention.

<u>Source</u>

CAFC Model Jury Instruction 4.3d; National Jury Instruction Project, Model Patent Jury Instructions 5.6 (adapted from corroboration requirement portion of the instruction regarding prior invention); *Fina Oil and Chemical Co. v. Ewen*, 123 F.3d 1466 (Fed. Cir. 1997); *Canon Computer Systems, Inc. v. Nu-Kote Intern., Inc.*, 134 F.3d 1085 (Fed. Cir. 1998).

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>Source</u>

5th Circuit, <u>Pattern Jury Instructions</u>, (2006 Ed.), No. 2.11.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| OASIS RESEARCH, LLC, | Civil Action No. 4:10-cv-435-ALM |
| Plaintiff, | Consolidated with: |
| | Civil Action No. 4:12-cv-525-ALM |
| v. | Civil Action No. 4:12-cv-526-ALM |
| ADRIVE LLC, et al., | |
| Defendants. | |

## [PROPOSED] JURY VERDICT FORM

1.    Are Jack Byrd, Don Atwood, or Charles (Chuk) Campos co-inventors of U.S. Patent No.
5,771,354 (the '354 Patent)?

___Yes                   ___No

2.    Are Jack Byrd, Don Atwood, or Charles (Chuk) Campos co-inventors of U.S. Patent No.
5,901,228 (the '228 Patent)?

___Yes                   ___No

3.    Are Jack Byrd, Don Atwood, or Charles (Chuk) Campos co-inventors of U.S. Patent No.
6,411,942 (the '943 Patent)?

___Yes                   ___No

4.    Are Jack Byrd, Don Atwood, or Charles (Chuk) Campos co-inventors of U.S. Patent No.
7,050,051 (the '051 Patent)?

___Yes                   ___No

The jury foreperson should sign and date the Verdict Form and return it to the Bailiff.

_____                    _____
Date                                                    Jury Foreperson

Dated: February 11, 2013                    Respectfully Submitted,

/s/  Chris R. Ottenweller

Chris R. Ottenweller
California Bar No. 73649
cottenweller@orrick.com
I. Neel Chatterjee
California Bar No. 173985
nchatterjee@orrick.com
Bas de Blank
California Bar No. 191487
basdeblank@orrick.com
Jacob A. Snow
California Bar No. 270988
jsnow@orrick.com
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  650-614-7400
Facsimile:  650-614-7401

Eric H. Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Attorneys for Defendants
EMC Corporation and Decho Corporation

Dated: February 11, 2013

Respectfully Submitted,

*/s/ Matthew Lowrie*

Matthew Lowrie
mlowrie@foley.com
Kevin M. Littman
klittman@foley.com
Foley & Lardner LLP
111 Huntington Ave
Boston, MA 02199
Telephone:  617-342-4000
Fax:  617-342-4001

Andy Tindel
atindel@andytindel.com
Provost Umphrey Law Firm, L.L.P.
112 East Line Street, Suite 304
Tyler, TX  75702
Telephone:  903-596-0900
Fax:  903-596-0909

Attorneys for Defendant Carbonite, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice of compliance was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this date February 11, 2013.


/s/ Chris R. Ottenweller
Chris R. Ottenweller

| | |
|---|---|
| John M. Desmarais<br>Alan Kellman<br>Tamir Packin<br>Dmitriy Kheyfits<br>Desmarais, LLP<br>230 Park Avenue<br>New York, NY 10169<br>Telephone:  212-351-3400<br>Fax:  212-351-3401<br>Email: oasisadriveservice@desmaraisllp.com<br><br>ATTORNEYS FOR PLAINTIFF OASIS RESEARCH LLC | James C. Tidwell<br>Wolfe, Tidwell & McCoy, LLP<br>32 N. Travis, Suite 205<br>Sherman, TX 75090<br>Telephone:  903-868-1933<br>Fax:  903-892-2397<br>Email: jct@wtmlaw.net<br><br>ATTORNEYS FOR PLAINTIFF OASIS RESEARCH LLC |
| Matthew Lowrie<br>mlowrie@foley.com<br>Kevin M. Littman<br>klittman@foley.com<br>Foley & Lardner LLP<br>111 Huntington Ave<br>Boston, MA 02199<br>Telephone:  617-342-4000<br>Fax:  617-342-4001 | Andy Tindel<br>atindel@andytindel.com<br>Provost Umphrey Law Firm, L.L.P.<br>112 East Line Street, Suite 304<br>Tyler, TX  75702<br>Telephone:  903-596-0900<br>Fax:  903-596-0909<br><br>ATTORNEYS FOR DEFENDANT CARBONITE, INC. |