IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC, | § | |
| | § | |
| Plaintiffs, | § | Case No.  4:10-CV-00435-ALM |
| | § | consolidated with |
| v. | § | |
| | § | Case No. 4:12-CV-00525-ALM |
| ADRIVE, LLC, ET AL, | § | Case No. 4:12-CV-00526-ALM |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO CERTIFY AN INTERLOCUTORY APPEAL
ON A QUESTION OF CO-INVENTORSHIP LAW**

# TABLE OF CONTENTS

**Page**

ARGUMENT ....................................................................................................................... 1

    A.      Defendants Have Identified Controlling Questions Of Law.................................. 1

    B.      There Is "Substantial Ground For Difference Of Opinion."................................. 3

    C.      Resolution Of These Questions "May Materially Advance The Ultimate Termination Of The Litigation."............................................................................ 4

    D.      Oasis's Other Arguments Are Unavailing. .......................................................... 5

CONCLUSION................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cantutillo Indep. Sch. Dist. v. Leija*,
   101 F.3d 393 (5th Cir. 1996) ..................................................................................................4

*General Electric Co. v. Wilkins*,
   750 F.3d 1324 (Fed. Cir. 2014)...............................................................................................4

*Kridl v. McCormick*,
   105 F.3d 1446 (Fed. Cir. 1997)...............................................................................................3

*Loral Fairchild Corp. v. Matsushita Elec.*,
   266 F.3d 1358 (Fed. Cir. 2001)...............................................................................................3

*Medichem, S.A. v. Rolabo, S.L.*,
   437 F.3d 1157 (Fed. Cir. 2006)...............................................................................................3

*Price v. Symsek*,
   988 F.2d 1187 (Fed. Cir. 1993)...............................................................................................3

*Property One, Inc. v. USAgencies, L.L.C.*,
   830 F. Supp. 2d 170 (M.D. La. 2011)......................................................................................3

**Statutes**

35 U.S.C. § 256...........................................................................................................................4

**ARGUMENT**

**A.      Defendants Have Identified Controlling Questions Of Law.**

In their Motion, Defendants identify two controlling questions of law, either of which justifies certification:

a)  Must testimony from alleged co-inventors be categorically ignored as corroborating evidence; and

b)  Is it appropriate to consider the legal sufficiency of evidence on an item-by-item basis rather than as a whole?

Mot. at 1.

These questions cut to the heart of the basis for the Court's JMOL Order (Dkt. No. 754). Contrary to Oasis's assertion, the JMOL Order did not involve factual issues or the application of well-settled law to the facts. The testimony of Campos and Atwood indisputably corroborated Byrd's invention of multiple elements of the claims. But the Court expressly rejected this testimony as a matter of law because, in the Court's view, the testimony lacked corroboration. *See* Order at 16, n.3 ("[T]he only contribution to the patents considered by the Court is the 'remote online backup services,' *since this is the only one of Byrd's idea that has any alleged corroborating evidence."*) (emphasis added). Thus, the Court was clear that its entire analysis rests on its belief that, as a matter of law, co-inventor testimony may not be considered. If the Federal Circuit concludes such testimony can be considered, the JMOL decision would be set aside as the jury was entitled to rely on the evidence presented. The Federal Circuit need not reweigh the factual evidence to reach this conclusion.

Oasis argues the corroboration issue is irrelevant because the Court also concluded Byrd did not make a substantial contribution to the invention and that there was insufficient evidence that his contribution was not in the prior art. Opp. at 8-9. But in reaching these conclusions, the Court only considered the claim element it believed was corroborated – "Byrd's idea for remote online backup services" – and explicitly rejected Byrd's many contributions to the limitations of the asserted claims. *See* Order at 15 ("The evidence before the Court is that Byrd's contribution to the patents-in-suit was the idea for 'remote online backup services.'"). To support its narrow

focus on the idea for remote online backup services, the Court expressly ignored the lengthy Atwood and Campos testimony detailing Byrd's many contributions to the individual claims.[1] The Court justified excluding this evidence in footnote 3 of the Order, in which the Court stated:

> Any other claims in the patents-in-suit asserted to be conceived by Byrd are only supported by the testimony of Atwood and Campos, and, *since they are both alleged co-inventors, cannot be used to corroborate any assertion that Byrd conceived of any of those claims*."

Order at 16, n. 3 (emphasis added). Thus, the Court explicitly ignored Atwood's and Campos's testimony in the context of evaluating the sufficiency of the evidence of Byrd's conception—not only in the context of its consideration of the corroboration requirement. Contrary to Oasis's argument, the Court's view of the corroboration requirement directly underlies the Court's conclusions on sufficiency of the evidence.

These portions of the Order directly raise the legal issues defendants present as the controlling issues of law. If the Atwood and Campos testimony was not rejected out of hand, there would be no other basis to support the JMOL Order.

The questions of law presented by the Defendants are clear and controlling because the Court could never have overridden the jury's verdict had it considered all the evidence, as the jury did. The Court reached its holding only by concluding "as a matter of law" that the bulk of the evidence heard by the jury should be rejected. Defendants' proposed questions of law directly control the outcome.

The Court also held, as a matter of law, that the testimony of Todd and Doss could not be accepted as corroborating evidence because Todd was "an interested party" and Doss "did not

---

[1]  Consider one representative exchange between EMC counsel and Campos (Trial Tr. v. 2, 368:7-21.):

> Q.   The next paragraph refers to "a first online Internet session."  Do you understand what the reference to "online" means?
> A.   Yes.
> Q.   And can you tell us what your understanding of that is?
> A.   That's using telecommunications lines to dial up between the customer and our service for the purposes of backing up.
> Q.   Who contributed the idea of an online Internet session?
> A.   The online session was Jack Byrd.

OHSUSA:761913783.6

talk to Byrd about his contribution to the invention." Order at 18.  These rulings were presented as legal conclusions, not the conclusions of a trier of fact.  These aspects of the Court's Order, too, are implicated by Defendants' questions of law.

### B.      There Is "Substantial Ground For Difference Of Opinion."

Defendants' Motion identified irreconcilable tension in Federal Circuit law.  On the one hand, *Medichem* suggests "testimony of one co-cannot be used to help corroborate the testimony of another" under any circumstances.  *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171 (Fed. Cir. 2006).  On the other hand, there is a significant body of Federal Circuit case law that expressly requires that "*all* pertinent evidence must be considered so that a sound determination of the credibility of the inventor's story may be reached" (*Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993) (original emphasis)) and that "a tribunal must make a reasonable analysis of all of the pertinent evidence to determine whether the inventor's testimony is credible." *Kridl v. McCormick*, 105 F.3d 1446, 1450 (Fed. Cir. 1997); *see also Loral Fairchild Corp. v. Matsushita Elec.*, 266 F.3d 1358 (Fed. Cir. 2001).  Thus, Defendants' first proposed issue for certification – whether testimony from co-inventors must be categorically ignored – presents an issue for which there is substantial grounds for differences of opinion.

This disputed question of law is highlighted by the different resolutions the parties propose.  Oasis seeks to reconcile the inconsistent authority by proposing a new, bright line rule of its own making – that under the "rule of reason" analysis, "all pertinent evidence should be evaluated except" for co-inventor testimony.  Opp. at 11.  Respectfully, Defendants believe the Federal Circuit will reconcile this question of law by confirming that co-inventor testimony must be considered as part the rule of reason analysis.  It is precisely because there is this "genuine doubt as to the correct applicable legal standard relied on in the order," that there is "a 'substantial ground for difference of opinion.'"  *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182-83 (M.D. La. 2011).

Defendants' second proposed issue for certification – whether it is appropriate to consider the legal sufficiency of evidence on an item-by-item basis rather than as a whole – also presents

a substantial difference of opinion.  Oasis argues that *General Electric Co. v. Wilkins,* 750 F.3d 1324, 1331 (Fed. Cir. 2014), supports the Court's consideration of each piece of evidence in isolation.[2]  Opp. at 12.  But Oasis ignores *Adenta GmbH v. OrthoArm, Inc.*'s holding that a patentee may not "attempt[] to discredit each piece of evidence, one by one," but rather "[a] 'rule of reason' analysis involves an assessment of the *totality of the circumstances* including an evaluation of *all pertinent evidence.*"  501 F.3d 1364, 1372 (Fed. Cir. 2007) (emphasis added).  It is precisely this tension, at least as Oasis reads *General Electric,* which supports Defendants' second proposed question of law.

### C.  Resolution Of These Questions "May Materially Advance The Ultimate Termination Of The Litigation."

The Court recognized the efficiency of resolving the inventorship defense when it bifurcated the issues for trial.  *See* 10/12/12 Tr. at 36:3-5.  Oasis does not dispute that certification may resolve all patent issues and completely avoid the need for the separate Carbonite and EMC trials.  Instead, Oasis makes two unavailing arguments.

First, Oasis argues the appeal will not advance the termination of the litigation because Oasis assumes it will prevail on all issues.  Opp. at 13.  This reasoning is entirely circular.  In many cases, each party will believe it has the stronger argument for appeal, and one party will be mistaken.  A party's misplaced confidence cannot be a reason to deny certification.

Second, Oasis argues the separate Carbonite and EMC trials may be resolved before the Federal Circuit decides the certification question.  Opp. at 12-13.  As an initial matter, this is not the test.  The Fifth Circuit has approved of the use of interlocutory appeal even on the eve of a trial that would become unnecessary if the original verdict were restored.  *See Cantutillo Indep. Sch. Dist. v. Leija,* 101 F.3d 393, 396 (5th Cir. 1996).  Oasis ignores this case law – and similar results from the Third and Eight Circuit.  *See* Mot. at 13-14.  Moreover, Oasis's argument does

---

[2]  Oasis's reliance on *General Electric* is misplaced.  The Federal Circuit did not hold that the evidence need not be considered "as a whole," but only that it was unnecessary for the District Court in its written decision to expressly address each piece of admitted evidence.  750 F.3d at 1331.  Moreover, *General Electric* involved a bench trial on inventorship pursuant to 35 U.S.C. § 256, in which the court is the trier of fact.

not take into account the appeals that no doubt will follow from the two scheduled trials.  There is substantial litigation – both at the trial and appellate level – that could be avoided by an interlocutory appeal of the JMOL Order.

The Federal Circuit should be given the opportunity to resolve the substantial and dispositive conflict within its own law.  If the Federal Circuit agrees the inventorship issue presents a controlling question of law for which there is substantial ground for differences of opinion, then the appeal will materially advance the termination of this litigation.

### D.    Oasis's Other Arguments Are Unavailing.

Oasis argues Defendants' motion should be denied as untimely.  Opp. at 13.  There is no basis for that in the statute – indeed, Oasis admits that "§ 1292(b) itself does not provide a strict deadline for requests for certification."  *Id.*  Moreover, Defendants' Motion was not "inexcusably dilatory," the standard Oasis proposes.  Opp. at 14.  Rather, Defendants acted diligently in reviewing the Court's order, identifying substantial and controlling dispute of law, and meeting and conferring with Oasis about this Motion.  The Defendants promptly informed the Court of their intention to seek certification and then prepared and filed their motion, all before the Court had even set a schedule for the new trials.  Oasis does not allege any prejudice caused by this supposed delay.

Second, while Oasis does not deny that a stay of the two patent cases would be appropriate were the Court to certify its order for interlocutory appeal, Oasis argues that the RICO claims should not also be stayed.  Opp. at 14.  Whether or not to stay the RICO claims, however, has no bearing on the pending Motion.

### CONCLUSION

For the foregoing reasons, and those stated in Defendants' motion, the Court should certify its January 8, 2015 Order for interlocutory appeal.

Dated:  April 23, 2015

Respectfully Submitted,

*/s/ Chris R. Ottenweller*
Chris R. Ottenweller
California Bar No. 73649
cottenweller@orrick.com
Bas de Blank
California Bar No. 191487
basdeblank@orrick.com
Alyssa M. Caridis
California Bar No. 260103
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  650-614-7400
Facsimile:  650-614-7401

Eric H. Findlay
Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, LLP
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Defendants*
*EMC Corporation and Decho Corporation*

Dated:  April 23, 2015                   /s/ Matthew Lowrie
                                         _____

                                         Matthew Lowrie (pro hac vice)
                                         mlowrie@foley.com
                                         Kevin M. Littman (pro hac vice)
                                         klittman@foley.com
                                         FOLEY & LARDNER LLP
                                         111 Huntington Ave
                                         Boston, MA 02199
                                         Telephone:  617-342-4000
                                         Fax:  617-342-4001
                                         Andy Tindel
                                         Texas Bar No. 20054500
                                         atindel@andytindel.com
                                         Andy Tindel, Attorney & Counselor at Law,
                                         P.C.
                                         112 East Line Street, Suite 304
                                         Tyler, TX  75702
                                         Telephone:  903-596-0900
                                         Fax:  903-596-0909

                                         ATTORNEYS FOR DEFENDANT CARBONITE, INC.

OHSUSA:761913783.6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice of compliance was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this date April 23, 2015

_____
/s/ Chris R. Ottenweller
Chris R. Ottenweller

| | |
|---|---|
| John M. Desmarais<br>Alan Kellman<br>Tamir Packin<br>Dmitriy Kheyfits<br>Desmarais, LLP<br>230 Park Avenue<br>New York, NY 10169<br>Telephone:  212-351-3400<br>Fax:  212-351-3401<br>Email: oasisadriveservice@desmaraisllp.com<br><br>ATTORNEYS FOR PLAINTIFF OASIS RESEARCH LLC | James C. Tidwell<br>Wolfe, Tidwell & McCoy, LLP<br>32 N. Travis, Suite 205<br>Sherman, TX 75090<br>Telephone:  903-868-1933<br>Fax:  903-892-2397<br>Email: jct@wtmlaw.net<br><br>ATTORNEYS FOR PLAINTIFF OASIS RESEARCH LLC |
| Matthew Lowrie<br>mlowrie@foley.com<br>Kevin M. Littman<br>klittman@foley.com<br>FOLEY & LARDNER LLP<br>111 Huntington Ave<br>Boston, MA 02199<br>Telephone:  617-342-4000<br>Fax:  617-342-4001 | Andy Tindel<br>atindel@andytindel.com<br>PROVOST UMPHREY LAW FIRM, L.L.P.<br>112 East Line Street, Suite 304<br>Tyler, TX  75702<br>Telephone:  903-596-0900<br>Fax:  903-596-0909<br><br>ATTORNEYS FOR DEFENDANT CARBONITE, INC. |

OHSUSA:761913783.6